940 So.2d 975 (2006)
Angus Laughton Malcolm Thom McLEAN, III, Appellant,
v.
Leigh Ann (McLean) KOHNLE, Appellee.
Nos. 2005-CA-00033-COA, 2005-CA-02140-COA.
Court of Appeals of Mississippi.
October 24, 2006.
J. Mack Varner, Jennifer Powell Fortner, Clifford C. Whitney, Vicksburg, attorneys for appellant.
William B. Jacob, Joseph A. Kieronski, Daniel P. Self, Meridian, attorneys for appellee.
Before KING, C.J., SOUTHWICK and IRVING, JJ.
KING, C.J., for the Court.
¶ 1. Angus Laughton Malcolm Thom McLean III appeals the chancellor's order that he be required, under the terms of the judgment of divorce, to bear the entire cost of his daughter's college education, that his failure to bear the entire expense of that education constituted contempt of court, and that he pay Kohnle's attorney's fees and costs. On appeal, McLean challenges the court's jurisdiction and raises issues regarding various errors in the chancellor's findings.

PROCEDURAL HISTORY
¶ 2. Leigh Ann McLean Kohnle filed her Complaint for Modification of prior judgment *976 and complaint for citation for contempt against her ex-husband, Angus Laughton Malcolm Thom McLean III on February 13, 2004, seeking an increase in child support and an order citing McLean for contempt for refusing to bear the entire cost of his daughter's college expenses at Harvard University. McLean filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b), challenging the trial court's jurisdiction over the case. McLean contended that under the Uniform Interstate Family Support Act, codified at Mississippi Code Annotated Sections 93-25-1 through XX-XX-XXX (Rev. 2004)., Virginia was the proper jurisdiction in which to hear Mrs. Kohnle's complaint.[1] Prior to the court's ruling on the matter, Kohnle withdrew the portion of her petition requesting a modification of child support, leaving the issue of the daughter's college expenses as the sole matter before the court. The trial court denied McLean's motion to dismiss and his subsequent motion to reconsider.
¶ 3. McLean then filed his answer and a cross-petition for a citation of contempt. Following a one-day trial, the court issued an order dated June 18, 2004, finding McLean in contempt, ordering him to bear all of the daughter's college expenses (including reimbursement of those expenses previously paid by Kohnle), and assessing costs and fees to McLean. The chancellor ordered incarceration based upon the finding of contempt but suspended that order on the condition that McLean meet certain requirements related to the payment of his daughter's college expenses. Following an unsuccessful motion for reconsideration, McLean appealed the chancellor's order.
¶ 4. In March 2005 and again in May 2005, Kohnle filed two additional complaints seeking a contempt citation, alleging that McLean had failed to meet the conditions set forth in the court's June 18, 2004, order. McLean argued that by posting of a supersedeas bond pending the outcome of his appeal, he had satisfied the court's order that he pay future college expenses. On June 20, 2004, the trial court ordered McLean to reimburse Kohnle for the outstanding expenses that she had paid as a result of McLean's failure to do so and to pay Kohnle's attorney's fees incurred as a result of bringing the additional complaints. The court further held that the supersedeas bond, while staying payment of the monetary judgment, did not affect McLean's obligation to make future payments as set forth in the court's June 18, 2004, order and ordered that McLean pay his daughter's continuing college expenses at Harvard while his appeal to this Court was pending.
¶ 5. McLean then filed a Motion to Reconsider Jurisdiction and to Determine Controlling Order. On September 27, 2005, the trial court heard McLean's motion. The chancellor denied the motion to reconsider, ruled that the original judgment of divorceissued from the Chancery Court of Lauderdale County, Mississippi, *977 in 1990was the controlling order under the Uniform Interstate Family Support Act and ordered McLean to spend weekends in jail for contempt, effective immediately, until and unless he purged himself of contempt. McLean appealed that order, and the two cases were consolidated.

FACTS
¶ 6. In 1990, the Chancery Court of Lauderdale County, Mississippi granted a judgment of divorce to McLean and Kohnle. At the time of the divorce, the couple had two minor children. The court adopted the parties' custody and property settlement agreement as part of that judgment. In that agreement, the couple agreed that McLean would be responsible for paying child support in the amount of $900 per month, would bear the cost of the children's health insurance and medical expenses, and, should the children attend college, "would pay all reasonable expenses incurred in connection therewith to the best of his financial ability."
¶ 7. After the divorce, McLean relocated to Georgia. Kohnle remarried and moved with the children to Virginia, then to Puerto Rico, and back to Virginia. During Kohnle's first period of residency in Virginia, the parties reached an impasse regarding the interpretation of the terms of the divorce decree. In 1997, Kohnle filed a motion to modify child support in Virginia. McLean submitted himself to the jurisdiction of the Virginia court and filed a cross-petition regarding visitation issues.
¶ 8. On January 14, 1998, the Juvenile and Domestic Relations Court of Fairfax County, Virginia issued an order on those motions. The Virginia court held that while the amount of child support would not increase, the manner in which McLean made payments to Kohnle would change. The court also found that McLean was in arrears on both child support and payment of medical expenses and ordered payment of those amounts. The court also ordered that, if the children were eligible for coverage under their stepfather's insurance (which they were), McLean would no longer be responsible for the expense of insurance coverage. Additionally, the court set forth a detailed visitation schedule and scheduling procedure and ordered that McLean bear the cost of all travel for visitation. Finally, the court held that the remaining terms of the Mississippi judgment of divorce not modified by its order would remain in full force and effect.
¶ 9. The parties returned to the Virginia court again in 2000 to further delineate the visitation schedule and procedures for arranging visitation. Thereafter, the parties did not avail themselves of any court until Kohnle filed her petition in Mississippi in February 2004, asking for an increase in child support and an order that the court enforce the 1990 decree and hold McLean responsible for bearing all of the costs of his daughter's college education at Harvard.

ANALYSIS
I. Standard of Review
¶ 10. In domestic relations cases, the Court's scope of review is limited to the substantial evidence/manifest error rule. See Sproles v. Sproles, 782 So.2d 742, 746(¶ 13) (Miss.2001). This Court may reverse a chancellor's findings of fact only when there is no substantial credible evidence in the record to justify her findings. This Court will not disturb a chancellor's findings unless manifestly wrong or clearly erroneous or unless the chancellor applied an erroneous legal standard. See id.
II. Subject Matter Jurisdiction
¶ 11. McLean argues that the Lauderdale Chancery Court does not have subject *978 matter jurisdiction to hear this case. McLean contends that Virginia assumed continuing, exclusive jurisdiction when it modified his obligations to provide child support and continues to exercise continuing, exclusive jurisdiction. Kohnle argues that Mississippi is the proper venue for this case because the Virginia court did not modify the portions of the Mississippi judgment of divorce addressing payment of college expenses, because Mississippi never relinquished its continuing, exclusive jurisdiction, and because Mississippi would continue to exercise continuing jurisdiction to enforce its decree, even if Virginia had modified the original Mississippi judgment of divorce.
¶ 12. Whether the trial court has jurisdiction to hear a particular matter is a question of law to which this Court must apply a de novo standard of review. See Edwards v. Booker, 796 So.2d 991, 994(¶ 9) (Miss.2001). A party may challenge the court's subject matter jurisdiction at any time during the proceedings. See Esco v. Scott, 735 So.2d 1002, 1005(¶ 14) (Miss.1999).
¶ 13. In the order on McLean's motion to dismiss, the chancellor held that, under the Uniform Interstate Family Support Act (UIFSA), codified at Mississippi Code Annotated Sections 93-25-1 through XX-XX-XXX, Mississippi retained continuing exclusive jurisdiction to modify and continuing jurisdiction to enforce the 1990 Lauderdale County judgment of divorce. Although the chancellor did not explicitly hold that the 1990 decree was the controlling order for purposes of applying the UIFSA, her finding that Mississippi retained continuing, exclusive jurisdiction implies that she considered the 1990 decree to be the controlling order. Subsequently, in the order on McLean's Motion to Reconsider Jurisdiction and Determine Controlling Order, the chancellor did make a specific finding that the 1990 decree was the controlling order under the UIFSA.
¶ 14. The UIFSA exists to create a clearly-defined system with regard to the administration, enforcement, and modification of child support orders. Under the UIFSA, as adopted and codified in the Mississippi Code Annotated, a Mississippi court may modify and/or enforce a child support order under limited circumstances. In order for a Mississippi court to have the authority to modify a child support order, Mississippi must have continuing, exclusive jurisdiction. See Miss.Code Ann. § 93-25-17 (Rev.2004).
¶ 15. Mississippi Code Annotated Section 93-25-17 sets forth the criteria for establishing continuing, exclusive jurisdiction. McLean argues that the 1998 Virginia order modified the 1990 decree and, therefore, established Virginia as the state with continuing, exclusive jurisdiction. Kohnle contends that because the parties did not comply with Mississippi Code Annotated Section 93-25-17(1)(b), which states that the parties were required to file notice with the Lauderdale County Chancery Court that Virginia would be assuming continuing, exclusive jurisdiction, Mississippi retains continuing, exclusive jurisdiction. Kohnle also argues that the 1990 decree remains the controlling order because the 1998 Virginia order did not modify the amount of child support that McLean was required to payonly the manner in which he paid it.
¶ 16. Under Mississippi Code Annotated Section 93-25-17, continuing, exclusive jurisdiction exists in Mississippi in this case only if the following conditions are met: the 1990 decree is the controlling order and (1) one of the interested parties (McLean, Kohnle, or the child) resides in Mississippi or (2) the parties consent to have Mississippi serve as the state with *979 continuing, exclusive jurisdiction. See Miss.Code Ann. § 93-25-17(1). Additionally, subsections (2) and (3) of the statute set forth the circumstances under which Mississippi shall not exercise continuing, exclusive jurisdiction.
¶ 17. While this Court agrees with Kohnle's assertion that Section 93-25-17(2) provides a process by which the parties may choose to transfer continuing, exclusive jurisdiction to another state, that process is not the only means by which a state may lose its continuing, exclusive jurisdiction. This Court disagrees with her contention that the parties' failure to file the required consent in Mississippi prior to seeking relief in the Virginia courts in 1997 is proof that Mississippi retains continuing, exclusive jurisdiction. Mississippi Code Annotated Section 93-25-17(3) states that another state may take continuing, exclusive jurisdiction from the issuing tribunal. The relevant language of this section states that "[i]f a tribunal of another state has issued a child support order pursuant to this chapter or to a law substantially similar to this chapter which modifies a child support order of a tribunal of the state, tribunals of this state shall recognize the continuing, exclusive jurisdiction of the tribunal of the other state." Miss.Code Ann. § 93-25-17(3)(emphasis added). As the Court held in Nelson v. Halley, 827 So.2d 42, 48(¶ 22) (Miss.Ct. App.2002), "[o]nce both parents and the child have left the original state, the continuing, exclusive jurisdiction of that state's tribunal may well have terminated, but its order remains in effect and enforceable until it is modified by another tribunal with authority to do so." With McLean's relocation to Georgia and Kohnle's move, with the minor children, to Virginia, the 1990 decree remained in effect and was enforceable until Virginia modified the order in 1998 as a result of Kohnle's 1997 petition for modification.
¶ 18. The Court holds that the chancellor erred in the first step of the analysis when she determined, implicitly in her December 2004 Order and explicitly in her Order on McLean's Motion to Reconsider Jurisdiction and Determine Controlling Order, that the 1990 decree was the controlling order. The 1998 Virginia order eliminated McLean's obligation, as set forth in the 1990 decree, to bear the cost of providing medical insurance for his two minor children. Through that order, the Virginia court modified the support order contained in the 1990 decree.[2] Once the Virginia court modified the 1990 decree, pursuant to Mississippi Code Annotated Section 93-25-17(3), the Virginia order became the controlling order, and Virginia assumed continuing, exclusive jurisdiction under Mississippi Code Annotated Section 93-25-17(3) to modify the terms of that order. As this Court previously has held, "[i]f the state court does not have [continuing, exclusive jurisdiction], the state court should not act." Nelson, 827 So.2d at 46(¶ 19). Accordingly, the chancellor should have concluded that Mississippi did not have continuing, exclusive jurisdiction and, therefore, did not have subject matter jurisdiction to hear Kohnle's petition.
¶ 19. In order for the chancellor to have concluded properly that she had the authority to hear Kohnle's petition, Mississippi would have to reclaim continuing, *980 exclusive jurisdiction. Under the UIFSA, Mississippi could only reassume continuing, exclusive jurisdiction, which would enable it to modify the terms of the Virginia order, if the parties registered the Virginia order in Mississippi utilizing the procedure outlined in Mississippi Code Annotated Sections 93-25-81 through 93-25-87 and if the requirements of Mississippi Code Annotated Section 93-25-101 were met. The record clearly shows that the parties did not even attempt to register the Virginia order in Mississippi, either at the time it was issued in 1998 or at the onset of the trial court proceedings, much less prove that they met the necessary requirements of Mississippi Code Annotated Section 93-25-101 for Mississippi to reassume continuing, exclusive jurisdiction.
¶ 20. Additionally, the Court finds that the chancellor erred in holding that Mississippi also retained continuing jurisdiction to enforce the 1990 decree. As discussed supra, because the Virginia order modified the provision of the 1990 decree requiring McLean to provide health insurance for his children, the Virginia order became the controlling order. Accordingly, even if the chancellor had held that the Virginia order was the controlling order and that she was assuming subject matter jurisdiction to enforce, not modify, the Virginia decree, the UIFSA requires that the Virginia order be registered with the court in Mississippi before enforcement proceedings could be heard. See Miss.Code Ann. §§ 93-25-81 through 93-25-87. Again, neither party has even attempted to register the Virginia order
¶ 21. Because the Virginia court maintains continuing, exclusive jurisdiction under the UIFSA, Mississippi does not have subject matter jurisdiction to hear Kohnle's petition for modification and citation for contempt. The Court, therefore, does not reach the remaining points of error raised in McLean's brief.
¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY IS REVERSED AND REMANDED FOR THE ENTRY OF AN ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] As discussed in the "Facts" section, infra, The Chancery Court of Lauderdale County, Mississippi, issued the original Judgment of Divorce in 1990. In 1997, Kohnle sought a modification of the decree in Virginia, where she had moved after the divorce. McLean, who was and is a resident of Georgia, submitted himself to the jurisdiction of the court in Virginia and filed a cross-petition regarding visitation. The Virginia court, addressed the visitation issues, modified the portion of the original judgment addressing the allocation of health care expenses for the minor children, and adopted the unmodified portions of the 1990 decree. Thereafter, the parties availed themselves of the Virginia court in 2000 to handle additional visitation disputes. After 2000, the parties did not petition any court regarding the Judgment of Divorce until February 2004, when Kohnle filed the petition that is the subject of this appeal.
[2] Mississippi's codification of the UIFSA defines a "support order" as a "judgment, decree or order, whether temporary, final or subject to modification, for the benefit of a child, a spouse or a former spouse, which provides for monetary support, health care, arrearages or reimbursement and may include related costs and fees, interest, income withholding, attorney's fees and other relief." Miss.Code Ann. § 93-25-3(w) (Rev.2004) (emphasis added).