No. 110,714

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KIMBRA (PHILLIPS) MARTIN,
*Appellee*,

v.

DANIEL PHILLIPS,
*Appellant.*

SYLLABUS BY THE COURT

1.

The Uniform Interstate Family Support Act (UIFSA) applies generally to interstate efforts to enforce support orders. Under UIFSA, support orders include not only the underlying child or spousal support but also related items such as health-care expenses ordered reimbursed, attorney fees, and interest on sums otherwise owed.

2.

Under UIFSA, in a court proceeding for arrearages, the forum court considers whether to apply the statute of limitations of the forum state or of the state that issued the support order. The court must apply the longer of the limitation periods.

3.

A proceeding seeking the collection of any overdue amounts that are owed under a support order as defined in UIFSA is a proceeding for arrearages in which the forum court must apply the longer statute of limitations of the forum state or the issuing state.

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed April 10, 2015. Affirmed.

*Allison Kort* and *Scott H. Kreamer*, of Hubbard, Ruzicka, Kreamer & Kincaid L.C., of Olathe, for appellant.

*Kimbra L. Martin*, appellee pro se.

Before HILL, P.J., GREEN and LEBEN, JJ.

LEBEN, J.: Daniel Phillips appeals the district court's enforcement of child-support orders against him based on a claim that the orders arose out of Washington state and that the claims should no longer be collectible under a 10-year Washington limitation period. But the applicable statute in both Kansas and Washington provides that in an interstate proceeding for arrearages—or overdue payments—the longer limitation period between the forum state (here, Kansas) and the other state shall apply. The district court properly found that this was a proceeding for arrearages and applied the longer Kansas limitation period. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The parties were divorced in 1989 in Johnson County, Kansas, but their litigation has taken them to the state courts of Kansas, Missouri, and Washington, as well as to federal court. Four years ago, our court appropriately described the history of this case as "long and tortuous." *In re Marriage of Phillips*, No. 102,107, 2010 WL 3731572, at *1 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 912 (2011). We will review only as much of the background as may bear on issues before us in the present appeal.

Daniel Phillips and Kimbra Martin had one child, and Daniel was ordered to pay child support. Shortly after the divorce, Daniel moved to the Missouri side of the Kansas

2

City metropolitan area, although he later returned to Kansas. Martin and the child first moved to New Jersey and then, in 1992, to Washington.

Within a few months of the divorce, Daniel fell behind on child-support payments. His liability for further child support ended when the child turned 18 on August 23, 2001, but disputes have remained about past-due child support, interest, attorney fees, and medical expenses that he was ordered by a court to pay.

Our court heard an appeal in 2005 in which Daniel opposed the registration in Kansas of a 2003 Washington order enforcing the original 1993 Kansas order for child support. The Washington order, titled "Order on Show Cause Re Contempt/Judgment," found that Daniel had failed to pay child support in the amount of $36,096 from March 15, 1994, to August 23, 2001; had failed to pay $17,266.42 in interest on that support from March 15, 1994, to March 15, 2003; and had failed to reimburse Kimbra $12,338 in medical expenses from December 9, 1993, to December 31, 2000.

In that appeal, our court considered whether the Washington order was appropriately registered in Kansas. We held that the Washington order was an enforcement order of the original Kansas child-support order and thus was not required to be registered. *In re Marriage of Phillips*, No. 91,917, 2005 WL 475240, at *3-4 (Kan. App. 2005) (unpublished opinion). The Washington Court of Appeals also noted that the order was a Washington enforcement order of a Kansas support order. It did so after acknowledging that a Washington court that had entered a previous modification order had lacked jurisdiction, an issue that had been determined by the Missouri Supreme Court in *Phillips v. Fallen*, 6 S.W.3d 862 (Mo. 1999). *In re Marriage of Owen*, 126 Wash. App. 487, 491-95, 108 P.3d 824 (2005). The Washington Court of Appeals remanded the case back to the Washington district court for a determination on attorney fees and other matters. *In re Marriage of Owen*, 126 Wash. App. at 504.

3

The Washington district court, following remand, reissued the enforcement order in 2006 for interest on child support, attorney fees and interest on those, as well as unpaid medical costs and interest on those. The Washington enforcement order notes that the principal amount of unpaid child support, $36,096, was satisfied through a United States district court case. While the record in this appeal does not indicate the basis of that case, both parties agree that Phillips paid the principal after he was convicted for misdemeanor failure to pay support under federal law. See 18 U.S.C. § 228 (2012). The Washington enforcement order for $65,836.10 in unpaid interest, attorney fees, and medical costs was registered in Johnson County, Kansas, on July 18, 2008. The enforceability of that order is the focus of this appeal.

The Kansas district court initially ruled that a Washington statute of limitations would apply to this order. That ruling, filed in August 2008, came less than 10 years after the child's 18th birthday (which occurred in August 2011), and Washington provides a 10-year period after the child's 18th birthday to collect unpaid child support. See Wash. Rev. Code § 6.17.020(2). Daniel unsuccessfully appealed the district court's ruling on issues generally unrelated to the current appeal. See *In re Marriage of Phillips*, 2010 WL 3731572, at *1.

On October 5, 2011, Daniel filed a motion arguing that the judgments against him had gone dormant under Washington law, preventing further collection efforts, because more than 10 years had passed since the child turned 18. The district court initially ruled that the judgment for attorney fees, unpaid medical expenses, and interest on those amounts had gone dormant under Washington law. The only exception in the original ruling was that the court held that the interest on child support owed could still be collected since it qualified as arrearages under K.S.A. 2014 Supp. 23-36,604(b) and was thus governed by the Kansas statute of limitations and dormancy statute. Under the Kansas dormancy statute, K.S.A. 2014 Supp. 60-2403, child-support judgments not void as of July 1, 2007, never become dormant.

4

But Kimbra filed for reconsideration, and the district court reversed course. In its order on reconsideration, the district court found that all of the sums Kimbra requested—not just the interest on child support—were arrearages governed by Kansas statutes. The district court concluded that under the language of K.S.A. 2014 Supp. 60-2403, "this judgment for arrearages will never become dormant."

Daniel has now appealed to this court.

ANALYSIS

Daniel recognizes that his legal arguments on appeal must be decided with reference to the Uniform Interstate Family Support Act (UIFSA), which applies generally to interstate efforts to enforce support orders. Because this presents an issue of statutory interpretation, we review this issue independently, without any required deference to the district court. *Scott v. Hughes*, 294 Kan. 403, 412, 275 P.3d 890 (2012).

Daniel seeks to apply a Washington statute of limitations under which collection efforts may not continue on a child-support judgment more than 10 years after the child's 18th birthday. Wash. Rev. Code § 6.17.020(2). Kimbra seeks to apply Kansas law, which was amended in 2007 to provide that child-support judgments that were still collectible as of July 1, 2007, never become dormant. K.S.A. 2014 Supp. 60-2403(b). We must decide which law applies.

To do so, we must consider the UIFSA choice-of-law provision, K.S.A. 2014 Supp. 23-36,604. This provision makes two basic points: (1) the law of the issuing state governs the "duration" of "current payments" and "other obligations of support"; and (2) in any proceeding to collect "arrearages," the statute of limitations of this state *or* the issuing state, whichever is longer, applies:

5

"(a) The law of the issuing state governs the nature, extent, amount and duration of current payments and other obligations of support and the payment of arrearages under the order.

"(b) In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." K.S.A. 2014 Supp. 23-36,604.

Under this provision, if this is "a proceeding for arrearages," then Kimbra may still collect the amounts due. In a proceeding for arrearages, the *longer* limitation period—whether of the issuing state or Kansas—applies. Daniel recognizes that child-support judgments in effect as of July 2007 will never become dormant and, thus, will always be collectible through court proceedings if the Kansas limitation period applies. See K.S.A. 2014 Supp. 60-2403(b). So we will first consider whether this is a proceeding for arrearages.

Daniel argues that it isn't. He notes that UIFSA doesn't define the term "arrearage." That's true, but UIFSA *does* define the term "[s]upport order," a term central to UIFSA, which is used specifically to register and enforce support orders. See K.S.A. 2014 Supp. 23-36,603.

One of UIFSA's definitional provisions, K.S.A. 2014 Supp. 23-36,101(u), broadly defines "support order" to "mean[] a judgment, decree or order . . . for the benefit of a child . . . which provides for monetary support, health care, arrearages or reimbursement, *and may include related costs and fees, interest, income withholding, attorney fees and other relief*." (Emphasis added.) So support orders under UIFSA include not only the underlying child support but also health-care expenses ordered reimbursed, interest, attorney fees, and "other relief." All of the amounts at issue in this case—interest, attorney fees, and medical-expense reimbursements—are covered under the term "support order." We would therefore expect them to be part of a UIFSA "proceeding for

6

arrearages": UIFSA is the means of enforcing support orders, and support orders include all of these items.

The language of the UIFSA choice-of-law provision confirms this reading. Subsection (a) of K.S.A. 2014 Supp. 23-36,604 refers both to "current payments and other obligations of support" and to "the payment of arrearages *under the order*." (Emphasis added.) In other words, in subsection (a), the term "arrearages" specifically refers to arrearages under a support order, and a support order can include interest, attorney fees, and medical-expense reimbursements. The use of the term "arrearages" in the very next subsection (and the very next sentence) is surely intended to be read in the same way, even though subsection (b) does not repeat the words "under the order." So in "a proceeding for arrearages," if the past-due sums come from a "support order" as UIFSA defines that term, they are within the meaning of "arrearages."

Because of our conclusion that all of the sums at issue were part of a "proceeding for arrearages" under UIFSA, the longer statute-of-limitations period between Washington and Kansas will apply. We therefore need not determine whether Kansas was the issuing state for the orders in question.

We do note, however, that the prior rulings by both this court and the Washington Court of Appeals concluded that Kansas was the issuing state for the orders then at issue. See *In re Marriage of Phillips*, 2005 WL 475240, at *3-4; *In re Marriage of Owen*, 126 Wash. App. at 493. If Kansas was the issuing state for the order now at issue, that would separately support applying the Kansas limitation period.

Before we close our opinion, we want to address two points that are somewhat tangential but deserve mention.

7

First, we should explain the related concepts of a statute of limitations and a dormant judgment. What we usually refer to as a statute of limitations bars a lawsuit making a particular claim. When a claim is barred because the statutory-limitation period for bringing suit has expired, you can't get a judgment. If you already have a judgment, however, you can also lose the right to use court processes (such as garnishment) to collect on the judgment. In Kansas, we call such a judgment dormant. In Kansas, most judgments become dormant after 5 years if the parties don't take formal action to collect on or renew them. See K.S.A. 2014 Supp. 60-2403(a).

We mention this because the UIFSA choice-of-law statute says that the longer "statute of limitation" applies; the UIFSA provision doesn't mention dormancy. Daniel does not suggest that this has any significance, and our court has previously applied the UIFSA choice-of-law provision to the Kansas dormancy statute. *Hale v. Hale*, 33 Kan. App. 2d 769, 771-72, 108 P.3d 1012 (2005). That makes sense—neither a dormant judgment nor a claim barred by a statute of limitations may be collected. In addition, quite literally, a dormancy statute *is* a statute of limitations: it limits by statute one's ability to collect on a judgment. For that reason, our court has even said that "[t]he dormant judgment statute . . . is a statute of limitations." *Director of Property Valuation v. Golden Plains Express, Inc.*, 13 Kan. App. 2d 48, 48-49, 760 P.2d 1227 (1988). Other courts have also applied the UIFSA choice-of-law provision to dormancy statutes, as we did in *Hale*. *E.g.*, *In re Marriage of Morris*, 32 P.3d 625, 626 (Colo. App. 2001); *Owens v. Department of Human Resources*, 255 Ga. App. 678, 679-80, 566 S.E.2d 403 (2002).

Of course, Daniel agrees on appeal that the UIFSA choice-of-law statute, K.S.A. 2014 Supp. 23-36,604, applies. His argument is that we should find that the sums due weren't "arrearages" under UIFSA and that Washington was the issuing state for the orders at issue. Based on those contentions, he argues that the Washington limitation period applies under the UIFSA choice-of-law statute. We agree with him that the UIFSA

8

choice-of-law statute applies, but we have concluded that all of the sums due were "arrearages," subject to the Kansas limitation period.

Second, we note that Kimbra separately suggests that we should dismiss Daniel's appeal because he has acquiesced in the judgment—that is, done something indicating he accepts it. The acquiescence doctrine is based on an implied waiver of rights; a court assumes that a party has accepted the judgment—and impliedly waived the right to appeal it—if the party has voluntarily taken some action inconsistent with the right to appeal, such as accepting a benefit of the judgment. See *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 17, 287 P.3d 287 (2012), *rev. denied* 298 Kan. ___ (2013); *Hemphill v. Ford Motor Co.*, 41 Kan. App. 2d 726, 728, 206 P.3d 1 (2009).

But Daniel has not acquiesced in this judgment. He paid the principal amount of the child support under a criminal-court restitution order; he has paid other amounts in response to contempt proceedings. He has not voluntarily acquiesced in the judgment so as to cut off his right to appeal. See *Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976) (noting that a husband does not waive his right to appeal "where he pays alimony payments under the threat of confinement in jail if he fails to do so") (citing *Brackin v. Brackin*, 182 So. 2d 1 [Fla. 1966]); *In re Metcalf Associates-2000*, 42 Kan. App. 2d 412, 423-24, 213 P.3d 751 (2009) ("A party need not risk contempt of court to avoid an accusation of acquiescence."), *rev. denied* 290 Kan. 1094 (2010).

We affirm the district court's judgment.