NOT DESIGNATED FOR PUBLICATION

No. 111,985
No. 112,247

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of

KIMBRA (PHILLIPS) MARTIN,
*Appellee,*

and

DANIEL PHILLIPS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed
March 25, 2016. Affirmed in part and dismissed in part.

*Scott H. Kreamer*, of Hubbard, Ruzicka, Kreamer & Kincaid L.C., of Olathe, for appellant.

*Kimbra L. Martin*, appellee pro se.

Before GREEN, P.J., BUSER, J., and HEBERT, S.J.

*Per Curiam*: Daniel Phillips appeals the trial court's order denying his motion to
quash discovery. Nevertheless, this discovery order was not a final decision and hence
nonappeable. Phillips further appeals the trial court's award of attorney fees to Kimbra
Martin as a result of her efforts to defend against Phillips' motion to withdraw referral
and to terminate further proceedings. We disagree. Accordingly, we affirm in part and
dismiss in part.

1

The parties were divorced in 1989 in Johnson County, Kansas. The child for whom Phillips was ordered to pay support is now an adult. In July 2008, Martin filed a notice of registration of support order from the Superior Court of Washington, King County, in the Johnson County District Court under the Uniform Interstate Family Support Act (UIFSA). The trial court determined that the enforcement order may be registered in Kansas. Phillips appealed that decision in *In re Martin and Phillips*, No. 102,107, 2010 WL 3731572 (Kan. App. 2010) (unpublished opinion). Our court affirmed the trial court's decision. 2010 WL 3731572, at * 2. Phillips' petition for review was denied on January 10, 2011.

On September 26, 2012, Martin served Phillips with her first set of interrogatories and request for production of documents. Phillips did not respond to Martin's discovery requests. Instead, Phillips moved to quash discovery. Martin timely opposed the motion. The motion remained unheard for the next 14 months.

On April 17, 2014, the trial court denied Phillips' motion to quash discovery finding that it was not "substantially justified" under K.S.A. 2015 Supp. 60-226. The court also granted Martin's request for attorney fees and costs incurred in responding to Phillips' motion to quash, under K.S.A. 20-15 Supp. 60-237. After Phillips' motion to reconsider was denied, he timely appealed.

This case was consolidated with case No. 112,247, where Phillips challenges the trial court's award of attorney fees and costs to Martin as a result of her efforts to defend against Phillips' motion to withdraw referral and to terminate further proceedings. In that motion, Phillips sought to terminate all of the UIFSA enforcement proceedings, including an April 2009 contempt citation. In February 2013, the trial court denied Phillips' motion to terminate. This court recently affirmed the trial court's decision in *Martin v. Phillips*, 51 Kan. App. 2d 393, 347 P.3d 1033 (2015).

In September 2013, Martin renewed her request for attorney fees and costs which the trial court had not previously ruled on when it denied Phillips' motion to terminate. After a hearing, the trial court ordered Phillips to pay Martin $10,984.44 in fees and costs. After Phillips' motion for reconsideration was denied, he timely appealed.

*Did the Trial Court Err When It Denied Phillips' Motion to Quash Discovery?*

On appeal, Phillips maintains that general discovery rules do not apply to post-judgment proceedings, and because Martin's interrogatories were made in post-judgment proceedings, he had no obligation under K.S.A. 2015 Supp. 60-226 to certify his efforts to resolve any discovery disputes. Phillips argues that Martin should have filed an aid in execution under K.S.A. 60-2419 rather than filing post-judgment discovery requests.

In response, Martin first argues that this appeal is not from a final order under K.S.A. 2015 Supp. 60-2102. Thus, Martin maintains that this court does not have jurisdiction to consider this appeal.

We exercise unlimited review over jurisdictional issues. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). Therefore, we must first determine whether we have jurisdiction over this appeal. If we lack jurisdiction, this court has a duty to dismiss this appeal. *In re Estate of Butler*, 301 Kan. 385, 390, 343 P.3d 85 (2015); *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

The right to appeal is purely statutory and is not contained in the United States or the Kansas Constitutions. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010). Thus, appellate courts may exercise jurisdiction only under certain circumstances allowed by statute. 291 Kan. at 609-10. To prevent piecemeal appeals, the legislature has limited civil appeals to certain circumstances: (1) final decisions and

3

certain orders under K.S.A. 60-2101(a) and (b), which are automatically appealable, and (2) interlocutory appeals under K.S.A. 60-2102(c), which require acceptance by the Court of Appeals. *Kansas Medical*, 291 Kan. at 610.

A final decision generally disposes of the entire merits of a case and leaves no further questions or the possibility of future direction or action by the trial court. *In re T.S.W.*, 294 Kan. 423, 433, 276 P.3d 133 (2012). In other words, a judgment or order is considered final when "all the issues in the case are determined, not just part of the issues." *AMCO Ins. Co. v. Beck*, 258 Kan. 726, Syl. ¶ 1, 907 P.2d 137 (1995).

This issue arises in the context of post-judgment proceedings instituted by Martin to facilitate the execution of her judgment against Phillips. In post-judgment litigation, such as this, the "final decision" is not the underlying judgment that Martin is attempting to enforce but is actually the subsequent judgment that concludes the collection proceedings. See also *In re Joint Eastern & Southern Dist. Asbestos Lit.*, 22 F.3d 755, 760 (7th Cir. 1994) ("[A] postjudgment proceeding, for purposes of appeal, must be viewed as a separate lawsuit from the action which produced the underlying judgment. Consequently, the requirements of finality must be met without reference to that underlying judgment. . . . [A]s a general rule, an order authorizing discovery in aid of execution of judgment is not appealable until the end of the case."). Moreover, the final decision requirement was created to prevent this type of appeal. See *Cunningham v. Hamilton County*, 527 U.S. 198, 209, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (expressing concern that allowing immediate appeal as of right from orders fining attorneys for discovery violations would result in "the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent").

In this case, the discovery order is not a final decision because it does not terminate Martin's collection proceedings against Phillips. Therefore, this court lacks statutory authority to hear this appeal. We note that none of the parties contend that this

4

appeal should be retained as an interlocutory appeal under K.S.A. 2015 Supp. 60-2102. Thus, that option does not apply in this case. Nevertheless, our analysis does not end there. Alternatively, in his reply brief, Phillips argues that his appeal should be considered under the collateral order doctrine.

The collateral order doctrine, which Phillips relies on, is a very narrow exception to the final decision requirement for appellate jurisdiction. *Harsch v. Miller*, 288 Kan. 280, 290, 200 P.3d 467 (2009). Our Supreme Court has instructed that this doctrine should be used sparingly on collateral rulings that "although they do not end the litigation, are appropriately deemed 'final.' [Citations omitted.]" *In re T.S.W.*, 294 Kan. 423, 434, 276 P.3d 133 (2012).

Under Kansas law, for the collateral order doctrine to apply, Phillips must show that each of the following requirements have been met: (1) the order conclusively determined the disputed question; (2) the order resolved an important issue completely and separately from the merits of the action; and (3) the order would be effectively unreviewable on appeal from a final judgment. *Kansas Medical*, 291 Kan. at 611-12. All three of these requirements must be met in order for the appeal to go forward.

Here, the trial court's decision conclusively determined the disputed issue—*i.e.*, whether to permit post-judgment discovery. Further, the denial of Phillips' motion to quash discovery resolved an issue wholly separate from the merits of the underlying enforcement action. Therefore, the first two requirements have been met. Nevertheless, it is clear that Phillips' appeal fails the third requirement. As Martin correctly points out, if we decline to review the trial court's order denying Phillips' motion to quash discovery, that decision will still be reviewable through a later appeal once the proceedings are terminated. As a result, Phillips has failed to show that the collateral order doctrine applies to this case.

In conclusion, the trial court's order was not a final decision, neither party has applied for an interlocutory appeal, and the collateral order doctrine does not apply. We therefore conclude that this court lacks jurisdiction to consider this appeal. As a result, we dismiss this appeal for lack of jurisdiction.

*Did the Trial Court Err in Awarding Martin Attorney Fees and Costs?*

Next, Phillips argues that the trial court erred in awarding Martin attorney fees for costs she incurred in responding to Phillips' motion to withdraw referral and to terminate further proceedings. The trial court held that Martin was entitled to attorney fees based on the enforcement provision of the parties' property settlement agreement and also based on UIFSA under K.S.A. 23-9,313(b). Phillips first maintains that the parties' property settlement agreement does not apply in this case. Phillips further contends that these proceedings are no longer UIFSA proceedings, therefore, Martin was not entitled to attorney fees under UIFSA.

The issue of the trial court's authority to award attorney fees is a question of law over which appellate review is unlimited. *Rinehart v. Morton Buildings, Inc.*, 297 Kan. 926, 942, 305 P.3d 622 (2013); *In re Marriage of Risley*, 41 Kan. App. 2d 294, 300-01, 201 P.3d 770 (2009). Where the trial court has the authority to grant attorney fees, its decision is reviewed under an abuse of discretion standard. *Rinehart*, 297 Kan. at 942. Moreover, a court may not award attorney fees absent statutory authority or an agreement by the parties. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013).

Phillips first argues that these proceedings are independent of the parties' property settlement agreement, and therefore, the enforcement expenses provision does not apply. The enforcement expenses provision provides as follows:

6

"In the event that a party hereto fails to perform as required by the terms of this agreement, and it becomes necessary for the other party to institute proceedings to enforce his or her rights hereunder, it is agreed that the party in default shall pay all expenses, including legal expenses of such proceedings."

Phillips maintains that "[t]his proceeding has nothing to do with either party's 'fail[ure] to perform as required by the terms of this agreement.'" In making this argument, Phillips ignores the simple fact that the only reason he is in court litigating an enforcement proceeding is because he failed to perform his requirements to pay child support under the agreement. The enforcement proceedings arose under the agreement itself, therefore, the trial court properly determined that Martin was entitled to recover attorney fees under the agreement.

Next, Phillips argues that Martin cannot recover attorney fees under UIFSA because these proceedings are no longer UIFSA proceedings.

UIFSA specifically grants an enforcing court the ability to award attorney fees to a prevailing party. *In re Marriage of Ormsbee*, 39 Kan. App. 2d 715, 719, 186 P.3d 806 (2008). K.S.A. 23-9,313(b) states: "If an obligee prevails, a responding tribunal may assess against an obligor filing fees, reasonable attorney fees, other costs and necessary travel and other reasonable expenses incurred by the obligee and the obligee's witnesses. . . . Attorney fees may be taxed as costs."

Phillips argues that his motion to terminate was not a specified UIFSA proceeding and, thus, Martin should not have been awarded attorney fees under UIFSA. Phillips' argument in his brief is circular and confusing. Phillips essentially argues that because the motion to terminate was not related to the registration of the foreign judgment (where Martin was originally awarded attorney fees under UIFSA) then UIFSA does not apply here. In making this argument, Phillips states as follows:

7

"[T]he proceedings currently before this Court concern Phillips' Motion to Withdraw Referral and Terminate Future Proceedings of October 5, 2011, *which present arguments regarding the UIFSA choice of law provision*, rather than registration of a foreign judgment. Because these proceedings do not involve UIFSA, [Martin] cannot claim attorneys' fees under UIFSA." (Emphasis added.)

Here, Phillips expressly states that his motion included arguments regarding the UIFSA choice of law provision, yet he somehow contends that these motions do not involve UIFSA. Phillips' argument fails. In *Martin v. Phillips*, 51 Kan. App. 2d at 397, this court held that support orders under UIFSA are used to register and enforce support orders. In this case, all of these proceedings are still related to Martin's efforts to enforce the judgment against Phillips. Therefore, the trial court correctly determined that UIFSA applies to this proceeding.

We conclude that the trial court acted in accordance with UIFSA and the parties' settlement agreement. Therefore, there was no abuse of discretion shown.

Affirmed in part and dismissed in part.