**Stephen GREGA, Appellant,**

v.

**Julie GREGA, Respondent.**

**No. ED 105083**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed June 20, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied July
27, 2017

ATTORNEYS FOR APPELLANT: Bradley R. Bodeux, 222 S. Central Avenue, Clayton, MO 63105.

ATTORNEYS FOR RESPONDENT: Julie Grega, Pro Se, 27531 Jaquita, Laguna Niguel, CA 92677.

ROBERT G. DOWD, JR., Judge

Stephen Grega ("Father") appeals from the judgment dismissing his petition seeking to modify the child support and child

custody orders of a California judgment dissolving his marriage to Julie Grega ("Mother"). We affirm.

The parties were married and lived with their two children in California. The marriage was dissolved by a court in Orange County, California in 2010. Therein, the parties were awarded joint legal custody of the children, but Father was given primary physical custody with visitation rights to Mother at times agreed to by the parties. The visitation was ordered to be supervised because evidence had been presented to the court based on allegations of Mother's alcohol abuse. Neither party was ordered to pay any monthly amount of child support—the judgment indicated "child support is reserved"—but Father was ordered to maintain health insurance coverage for the children, and Mother and Father were ordered to share equally any reasonable uninsured health care costs for the children.

In 2012, the California court modified the custody provisions on the parties' stipulation. Thereunder, Mother and Father continued to have joint legal custody and Father had primary physical custody, but Father was given permission to take the children to Missouri. Mother was granted visitation on two full Sundays a month and on holidays, as agreed by the parties, in California or Missouri. The parties were ordered to cooperate so they could pre-plan for these visits "until mother is able to relocate to [Missouri]" and to "effectuate frequent phone visits prior to mom's move to [Missouri]." The visitation remained supervised "until further order of the court," based again on allegations of Mother's alcohol abuse, which Mother disputed.

Father relocated to Missouri with the children, and they have lived here since 2012, but Mother has remained in California. Father registered the original and modified California judgments in Missouri and filed a petition in the circuit court for the City of St. Louis, seeking to modify the California judgments. As to custody, Father asserted the following changes in circumstances: Mother's failure to exercise her visitation rights, meeting with the children only five out of a possible 91 times since 2012; her failure to exercise her rights to joint legal custody; Mother's, and the children's, desire to have extended summer visits; Mother's failure to move to Missouri as planned. Father asked to be granted sole legal custody and joint physical custody, with the following visitation parameters: Father would be the residential parent, Mother's visitation would remain supervised on every first weekend of the month, two weeks in the summer and on certain specified holidays. As to child support, Father alleged that he needs support and Mother can now pay.

Mother asserted that the Missouri court lacked authority to modify another state's custody determinations and support orders under the Uniform Child Custody Jurisdiction and Enforcement Act and the Uniform Interstate Family Support Act. She asked the court to suspend proceedings until the court could communicate with the California court about which state was the more appropriate forum to resolve the custody matter. The court granted Mother's request after a hearing. Thereafter, the Missouri court entered 'an order noting that it had a telephone conference with the California court "to address whether California or Missouri has jurisdiction to determine the issues of custody and visitation." The Missouri court concluded that Mother's visitation was ordered by the California court to be supervised because of alleged alcohol abuse, that the alleged changes in circumstances in Father's petition "focus on" Mother's "failure to abide" by the California judgment and her "desire

for extended visitation" and that Mother "continues to reside in California, where the evidence of [her] efforts to address her alleged alcohol abuse is available." Ultimately, the trial court concluded it could not proceed on either the custody matter or on the child support issues and it dismissed Father's petition with prejudice. This appeal follows.

 In his first five points on appeal, Father challenges various aspects of the court's dismissal of his motion to modify the California court's custody determinations. A Missouri court's authority to modify the child custody determinations of a court in another state is governed by the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Missouri at Sections 452.700 to 452.930. Whether a Missouri court has such statutory authority is a question of law we review de novo on appeal. *Blanchette v. Blanchette*, 476 S.W.3d 273, 277-78 (Mo. banc 2015).[1]

A Missouri court cannot modify another state's custody determination unless certain requirements are met:

[A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision (1) or (2) of subsection 1 of section 452.740 and:

(1) The court of the other state determines that it no longer has exclusive, continuing jurisdiction under section 452.745 or that a court of this state would be a more convenient forum under section 452.770; or

(2) A court of this state or a court of the other state determines that neither child, nor a parent, nor any person acting as a parent presently resides in the other state.

Section 452.800.[2] Thus, first we must look to the Missouri court's authority to make an initial custody determination. Section 452.740 provides that the "home state" has authority to make initial custody determinations. "Home state" is where the children have resided with a parent for at least six consecutive months. Section 452.705(8). Mother admitted in her trial court pleadings that Missouri is the children's home state because they have resided here for more than six consecutive months before Father's petition was filed. In her brief, however, Mother asserts—without citations—that the children have never spent six consecutive months here and have spent over a third of their time in California on vacation and for holidays. Because those factual assertions are not

---

1. Although the statute refers to a court's "jurisdiction," in Missouri the UCCJEA dictates only whether the Missouri court has statutory authority to grant the relief sought in a particular matter, not whether it has subject matter jurisdiction. *See Hightower v. Myers*, 304 S.W.3d 727, 733-34 (Mo. banc 2010).

2. Section 452.800 is virtually identical to Section 452.750. Father cites to Section 452.800, but the more often cited provision regarding a court's authority to modify is Section 452.750. These sections use the same language, save for a few small differences that do not substantially affect their meaning. Section 452.750 says a court of this state "shall not" modify another state's custody order unless certain conditions are met, whereas Section 452.800 says the court "may not" modify unless those conditions are met, but both clearly prohibit the court from acting without those conditions. The titles are also different—Section 452.750 is titled "Jurisdiction to modify determination," and Section 452.800 is titled "Modification of another court's determination"—but both are part of the same article regarding "Jurisdiction," both were passed as part of the same House Bill and both cite the same section of the uniform law as the source. It is unclear why this provision was included twice in the Missouri statute.

supported by any reference to the record before the trial court, we will not consider them on appeal.[3] In any case, trips to California for visits and holidays would be merely temporary absences that would not defeat the conclusion that Missouri is the home state. *See* Section 452.705(8) (six-month period includes "[a] period of temporary absence").

Although it has "home state" authority, the Missouri court still cannot modify the California's custody order unless the requirements in Section 452.800(1) or (2), cited above, are met. It is undisputed that Mother resides in California, thus subparagraph (2) is inapplicable. Therefore, the only way for Missouri to have authority to modify California's order is if *the California court* determines either "that it no longer has exclusive continuing jurisdiction" or "that a court of [Missouri] would be a more convenient forum." Section 452.800(1). "[O]nly the original decree State" can make a determination about its continuing jurisdiction, and the UCCJEA puts the onus on the party seeking to modify custody to obtain that determination from the proper court. UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT, Section 202 cmt. (1997) ("A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction.") Moreover, "the modification State is not authorized to determine that the original decree state has lost its jurisdiction." UCCJEA, Section 203 cmt. "There should be a clear basis to determine when [the original decree] court has relinquished jurisdiction." UCCJEA, refs & annos, prefatory note.

Father has not obtained any orders from California indicating that it no longer has jurisdiction or that it declines jurisdiction because Missouri is a more convenient forum. Father claims that California released its jurisdiction when it modified the dissolution judgment in 2012 to allow Father to relocate with the children to Missouri, presuming Mother would eventually be moving too. We disagree. The continuing jurisdiction determination required by Section 452.800(1) must be made under the factors in Section 452.745, which requires a finding by the California court that "neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state, and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships" or that "neither the child, nor a parent, nor any person acting as a parent presently resides in this state." Section 452.745.1(1) and (2). Nothing in the California court's modification judgment in 2012 could be construed as containing either finding. Moreover, rather than release jurisdiction, the modification judgment clearly preserves California's continuing jurisdiction over the custody matters. In spite of the pending move to Missouri, the California court expressly stated that Mother's visitation was to be supervised "until further order of the court" and the court reserved findings on the disputed allegations of alcohol abuse that gave rise to the supervision "pending further investigation and hearing or trial." The modification judgment from 2012 cannot be construed as a determination by the California court that it no longer had continuing ju-

---

**3.** Rule 84.04(e) provides that all factual assertions in the argument portion of a brief "shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Mother is *pro se,* but still subject to the briefing rules. The lack of citations has not, however, prevented us from reviewing her response to the merits of Father's appeal. Therefore, we deny Father's motion to dismiss Mother's brief.

risdiction over the custody matters in this case.

There is also no determination by the California court declining to exercise its continuing jurisdiction because Missouri would be a more convenient forum. Contrary to Father's claim, the convenience determination—like the determination regarding continuing jurisdiction itself—also must be made by the California court, not by the Missouri court. The plain language and grammatical structure of Section 452.800(1) can be read no other way: "The court of the other state determines *that* it no longer has exclusive, continuing jurisdiction under section 452.745 *or that* a court of this state would be a more convenient forum under section 452.770." (emphasis added). The phrases following the word "that" clearly relate back to what "the court of the other state" must determine: either "that" it no longer has jurisdiction or "that" another state is more convenient. The convenience determination must be made based on Section 452.770, which provides that a court that otherwise has jurisdiction "may decline to exercise its jurisdiction" if it determines that it is an inconvenient forum under the circumstances. In other words, it is the prerogative of California as the original decree state with continuing jurisdiction to *decline* its jurisdiction based on convenience, not the prerogative of Missouri to decide that despite California having continuing jurisdiction, it would be more convenient to have the case handled here. To hold otherwise would be at odds with the purpose of the UCCJEA "to promote cooperation among state courts and avoid jurisdictional competition and conflict." *See Al–Hawarey v. Al–Hawarey,* 388 S.W.3d 237, 245 (Mo. App. E.D. 2012) (Missouri court did not have authority to modify Illinois custody order where Illinois had not clearly relinquished jurisdiction and had expressly denied a request to transfer the case to

Missouri for convenience); *see also Ketteman v. Ketteman,* 347 S.W.3d 647, 655 (Mo. App. W.D. 2011) (Missouri court had authority to modify Texas custody order where Texas court has clearly refused to assert jurisdiction and declined to exercise it because Missouri was more convenient).

Father's challenges to the conclusions of the trial court in its order—namely, that Mother and the evidence about her alleged alcohol abuse leading to supervised visitation were in California and the case should be transferred there—are simply misplaced. Even if we found those conclusions erroneous, that would not result in a finding that the Missouri court has authority to modify custody in this case because there would still be no determination *by the California court* that it no longer has continuing jurisdiction or that it declines to exercise that jurisdiction out of convenience. Father should be seeking a determination by the California court of its continuing jurisdiction or desire to decline it. *See generally Jamil v. Jahan,* 280 Mich. App. 92, 760 N.W.2d 266, 272 (2008) (under UCCJEA, party seeking to modify Virginia order in Michigan should appeal from Virginia's determination that it had jurisdiction, not Michigan's decision that it had no jurisdiction).

■ Also of no impact on the Missouri court's authority to modify the California custody determinations are Father's claims regarding procedural violations of the UCCJEA. He contends the trial court violated Section 452.730 by not allowing the parties to be present at or participate in the telephone conference between it and the California court and by not making a record of that communication. That section permits a court of this state to communicate with a court in another state concerning a proceeding arising under the UCCJEA and says the court "may allow the parties to participate in the communication." Section

452.730.2. But "the Act does not mandate participation." UCCJEA, Section 110 cmt. (1997). Likewise, though the trial court should have made a record of its conference with the California court as required by Section 452.730.4, any error in failing to do so was harmless. Violations of this procedural provision of the UCCJEA do no warrant reversal absent a showing of prejudice. *See In re R.L.*, 4 Cal.App.5th 125, 208 Cal.Rptr.3d 523, 537 (2016). *Liska v. Liska*, 902 P.2d 644, 649 (Utah Ct. App. 1995); *Ramsey v. Ramsey*, 995 So.2d 881, 888 (Ala. Civ. App. 2008). Father has not alleged that a record of that conference would show that the California court had made one of the determinations necessary under Section 452.800—either finding it no longer had jurisdiction or declining to exercise it—such that Missouri would have the authority to rule on his modification request. Therefore, Father has not shown that that the lack of a record materially affected the merits of the case, and we cannot reverse the judgment on this basis. *See* Rule 84.13(b).

In sum, there is no determination by the California court either that it no longer had jurisdiction or that it declined to exercise that jurisdiction in favor of a more convenient forum in Missouri. Therefore, we conclude that Missouri had no statutory authority to modify the California court's child custody determinations and the petition seeking modification was properly dismissed.

Points I through V are denied.

■ In his last point on appeal, Father challenges the court's dismissal of his petition requesting child support. Pursuant to the Uniform Interstate Family Support Act ("UIFSA"), our courts only have authority to modify another state's child support order if certain conditions are present. *See* Section 454.1662(a)(1). Father contends, however, that the California court never issued a "child support order" in the first place and, thus, there is nothing for the Missouri court to modify and it can simply issue its own original order of child support. We disagree.

■ A "support order" is defined broadly as follows:

> a judgment, decree, order, decision, or directive, whether temporary, final, or subject to modification, issued in a state or foreign country for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, retroactive support, or reimbursement for financial assistance provided to an individual obligee in place of child support. The term may include related costs and fees, interest, income withholding, automatic adjustment, reasonable attorney's fees, and other relief.

Section 454.1503(28).[4] Thus, support orders include not only obligations to make monthly payments to support the children, but also provisions relating to health care expenses. *Martin v. Phillips*, 51 Kan. App.2d 393, 347 P.3d 1033, 1036 (2015).

Here, the original dissolution judgment in California indicated that "child support is reserved" but also ordered Mother and Father to each pay half of the children's reasonable uninsured health care costs and ordered Father to provide the health insurance coverage for the children. This clearly constitutes a "support order" under UIFSA. *See In re Sanders*, 2016 WL 3947093, at *3 (Tex. App. July 18, 2016) (although neither party obligated to pay

---

4. This section became effective in June of 2016, after repeal of the former definition in Section 454.850(21). The prior definition of "support order" similarly included orders that provide for "monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney's fees, and other relief." *See* Section 454.850(21) (repealed).

monthly support, order to split child care expenses including for health care and insurance is "support order" under UIFSA); *McLean v. Kohnle*, 940 So.2d 975, 979 (Miss. Ct. App. 2006) (order to bear cost of providing medical insurance is "support order" under UIFSA); *but see In Interest of T.B.*, 497 S.W.3d 640, 652–53 (Tex. App. 2016) (order that one party pay travel expenses for himself and children is not "support order" under UIFSA).

Because California issued a child support order, Missouri only has authority to modify it under the circumstances set forth in Section 454.1662(a)(1): if (A) "neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state; (B) a petitioner who is a nonresident of this state seeks modification; and (C) the respondent is subject to the personal jurisdiction of the tribunal of this state."[5] Those circumstances are not all present in this case: Mother (the obligor of half the children's health care expenses under the support order) resides in the issuing state of California, and Father is a not a "nonresident" of Missouri because he lives here. Thus, Missouri does not have authority to modify this California child support order, and the petition requesting that modification was properly dismissed.

Point VI is denied.

The judgment is affirmed.

Angela T. Quigless, P.J. and Lisa S. Van Amburg, concur.

---

5. This section also became effective in June of 2016, after the former provision regarding modification of another state's child support order was repealed. It contained the same basic requirements: "(i) the child, the individual obligee, and the obligor do not reside in the issuing state; (ii) a petitioner who is a nonresident of this state seeks modification; and (iii) the respondent is subject to the personal jurisdiction of the tribunal of this state." Section 454.973 (repealed).