**In the Matter of the Unsupervised ESTATE OF Dwight M. WILSON, Appellant/Plaintiff,**

**v.**

**Phyllis STEWARD, Appellee/Defendant.**

**No. 70A01–1003–EU–104.**

Court of Appeals of Indiana.

Nov. 15, 2010.

John O. Worth, Worth Law Office, Rushville, IN, Attorney for Appellant.

## OPINION

CRONE, Judge.

### Case Summary and Issue

This case addresses the question of how long is too long to wait before enforcing a money judgment. In September 2009, shortly after a father's death, his ex-wife filed a claim against his estate for unpaid child support stemming from a July 1989 judgment against the father. The estate asked the court to dismiss the ex-wife's claim, arguing that she failed to make a timely claim under Indiana law. The trial court denied the estate's request and awarded the ex-wife damages.

The estate of Dwight M. Wilson ("Father's estate") appeals, arguing that Indiana's statutes of limitation bar the claim filed by Phyllis J. Steward ("Mother") against Father's estate. Finding no error, we affirm.

### Facts and Procedural History

As best we can discern from a scant record, Father and Mother were divorced in 1971. They had a daughter, Robin Dishman, and a son, David Wilson, born in July 1970. On July 25, 1989, the Henry Circuit Court held Father in contempt for nonpayment of child support. The Henry County Commissioner ordered Father to pay the $3670 child support arrearage, plus Mother's $200 attorney's fee. As part of the order, Father was to assign to Mother $5000 of the proceeds from a personal injury accident he sustained in Greensburg.[1] Appellant's App. at 10. On May 18, 2009, Father died. His estate was opened in Rush Superior Court on June 9, 2009, and Robin was appointed as his personal representative. On September 10, 2009, Mother filed an $8670 claim against the estate based on the unpaid child sup-

---

1. There is some confusion as to whether the Henry Circuit Court intended the assigned $5000 to be an additional sum or merely the source from which the child support judgment would be paid. Its 1989 order stated, in part, that Father "should execute an assignment of certain proceeds of a personal injury accident and said assignment shall not be for less than Five thousand dollars." Appellant's App. at 10. The court further ordered that Father notify the court immediately upon settlement or verdict of the sum he would receive from the personal injury accident so that the sums could be deducted and applied accordingly. *Id.*

port order of July 25, 1989. On November 24, 2009, and January 13, 2010, Father's estate filed motions to dismiss, arguing that Mother's claim was barred by the statutes of limitation found in Indiana Code Sections 34–11–2–10 and –12. On January 15, 2010, the trial court held a hearing and entered an order denying the estate's motions to dismiss and awarding Mother $3670 in child support arrearage, plus a $200 attorney's fee. On January 29, 2010, Father's estate filed a motion to correct error. The trial court denied the motion on February 1, 2010. This appeal ensued. Additional facts will be provided as necessary.

**Discussion and Decision**

 Father's estate contends that the trial court erred in denying its motions to dismiss Mother's claim. We apply a de novo standard when reviewing a trial court's action on a motion to dismiss. *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 673 (Ind.Ct.App.2005). At the outset, we note that Mother has failed to submit an appellee's brief. As such, Father's estate may prevail by establishing a prima facie case of error. *In re Paternity of S.J.J.*, 877 N.E.2d 826, 828 (Ind.Ct.App. 2007). Prima facie error is error "at first sight, on first appearance, or on the face of it." *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 816 (Ind.Ct.App.2005) (citation and quotation marks omitted). "The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a

duty which properly remains with counsel for the appellee." *Id.* (citation and quotation marks omitted).

Father's estate asserts that Mother's claim is barred by Indiana's statutes of limitation. Thus, we review the trial court's decision de novo, applying the rules of statutory construction and keeping in mind that our goal is to give effect to the legislature's intent. *Skolak v. Skolak*, 895 N.E.2d 1241, 1241–42 (Ind.Ct.App.2008). Our primary source for determining legislative intent is the language of the statute. *Id.* at 1242. Thus, we apply the rules of statutory construction, which require that we give the statute's words their plain and ordinary meaning unless the statute otherwise provides definitions or is "plainly repugnant to the intent of the legislature." *Indiana Bureau of Motor Vehicles v. Orange*, 889 N.E.2d 388, 390 (Ind.Ct.App. 2008) (citation and quotation marks omitted).

[3] Father's estate contends that Mother's claim is barred by Indiana Code Section 34–11–2–10, which governs the enforcement of child support obligations, and by Indiana Code Section 34–11–2–12, which governs the enforcement of money judgments. Indiana Code Section 34–11–2–10 states, "An action to enforce a child support obligation must be commenced not later than ten (years) after: (1) the eighteenth birthday of the child; or (2) the emancipation of the child; whichever occurs first."[2]

---

**2.** In Indiana, "the period of limitation in effect at the time the suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation." *In re Paternity of S.J.J.*, 877 N.E.2d at 828 (citation and quotation marks omitted). The statute of limitations in effect in 1989, Indiana Code Section 31–11–1–2, stated, "a cause of action that (1) arises on or after September 1, 1982; and (2) is not limited by any other statute must be brought within ten (10) years." In

the 2009 order denying the estate's motion to correct error, the trial court found that Mother "initiated her action to enforce child support prior to the judgment date of July 25, 1989, therefore, her action to enforce the child support obligation was commenced prior to the [enactment of] I.C. 34–11–2–10," which became effective in 1998. Appellant's App. at 5. Because we hold that the instant action is governed by Indiana Code Section 34–11–2–12 and not Indiana Code Section

Here, David was thirty-nine when Mother filed her 2009 claim against the estate. Mother testified at the January 2010 hearing that David was not suffering any disability and that he was emancipated. Tr. at 8. Clearly then, if this claim constitutes an attempt to enforce a child support obligation, it is barred, according to the plain and ordinary terms of Indiana Code Section 34–11–2–10.

■ However, Mother's claim against the estate is an attempt to enforce the 1989 *judgment,* not an attempt to enforce a child support obligation.[3] As such, we must address whether Mother's claim for enforcement of a money judgment is barred under Indiana Code Section 34–11–2–12, which states, "Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years." Here, the money judgment was entered on July 25, 1989, and Mother filed her claim against Father's estate on September 10, 2009. The estate contends that Section 12 sets an absolute outer limit of twenty years on the validity and enforceability of a money judgment, relying chiefly on its placement within the chapter that lists the various statutes of limitation. This, argues the estate, indicates a clear legislative intent that the twenty-year expiration constitutes an absolute bar to recovery. However, based on our decision in *Rex Metal Craft,* we conclude that the unique phraseology of Indiana Code Section 34–11–2–12 sets it

apart from all other statutes of limitation listed in Indiana Code Chapter 34–11–2.

In *Rex Metal Craft,* a judgment creditor filed a 2004 motion for proceedings supplemental, seeking to execute a 1982 judgment and garnish the judgment debtor's wages. *Id.* at 815. When the judgment debtor asserted that the claim was barred due to the twenty-year statute of limitations on money judgments, we compared the language of Section 12 with that of the numerous other statutes of limitation found in the same chapter:

> According to Indiana Code Section 34–11–2–12, "Every judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years." Despite being listed in a chapter entitled, "Specific Statutes of Limitation," this section seems unlike a standard statute of limitations.... Indiana Code Section 34–11–2–12 does not contain the same language as the other sections within the same chapter. *Cf.* Ind.Code §§ 34–11–2–1, –2 (employment actions "must be brought within" two years); Ind.Code § 34–11–2–3 (professional service related actions may not be brought unless within two years); Ind.Code § 34–11–2–4 (injury or forfeiture of penalty actions "must be commenced within" two years); Ind. Code § 34–11–2–5 (real property recovery actions "must be commenced within" five years); Ind.Code § 34–11–2–6 (ac-

34–11–2–10, we need not address the characterization of the 1989 proceeding.

3. We note that if Mother was seeking to enforce delinquent child support, her claim against the estate likely would have included sums accrued after the 1989 order, up to the date of David's twenty-first birthday in July 1991. *See* Ind.Code § 31–16–6–6(a) (stating that except in circumstances such as emancipation or ceasing to be in school, parent's

duty to support child continues until child becomes twenty-one years of age). The record indicates that part of Mother and Father's original dispute involved David's college bills, as he was a student at Purdue University in 1989. Tr. at 15. As such, he would have been eligible for child support up to age twenty-one. The record is devoid of any evidence indicating that Mother now seeks any child support sums accruing from 1989 to 1991.

tions against public officers "must be commenced within" five years); Ind. Code § 34–11–2–7 (actions on, inter alia, accounts and contracts not in writing "must be commenced within" six years); Ind.Code § 34–11–2–8 (real property execution actions "must be commenced within" six or ten years); Ind.Code § 34–11–2–9 (action on promissory notes, bills of exchange, etc., "must be commenced within" six or ten years); Ind.Code § 34–11–2–10 (action to enforce child support obligation "must be commenced" not later than ten years after eighteenth birthday or emancipation); Ind.Code § 34–11–2–11 (action upon written contracts other than those for payment of money "must be commenced within" ten or twenty years).

*Rex Metal Craft*, 831 N.E.2d at 818.

Relying on *Odell v. Green*, 72 Ind.App. 65, 75, 121 N.E. 304, 307 (1918), the *Rex Metal Craft* court concluded that the twenty-year statute is merely a rule of evidence that creates a rebuttable presumption. 831 N.E.2d at 818. In other words, a judgment that is less than twenty years old constitutes prima facie proof of a valid and subsisting claim, whereas a judgment that is over twenty years old stands discredited, with the lapse of time constituting prima facie proof of payment. *Id.* Thus, the party seeking to avail itself of the presumption of satisfaction of a judgment after twenty years have passed must plead payment. *Id.*

In reaching its conclusion, the *Rex Metal Craft* court reiterated the *Odell* court's conclusion that "nothing in our statutes indicate[s] an intention to *utterly destroy* judgments after the lapse of 20 years." *Id.* (quoting *Odell v. Green*, 72 Ind.App. 65, 77, 122 N.E. 791, 791 (1919), *opinion on reh'g* ) (emphasis added). In *Rex Metal Craft*, the judgment creditor asserted nonpayment, and the judgment debtor failed to plead payment. As a result, we held that the judgment creditor overcame the presumption that the judgment had been satisfied after the expiration of twenty years. *Id.* at 819.

[5] Here, Mother filed her claim to enforce the 1989 money judgment six weeks after the twenty-year period expired. It was Father's death and the opening of his estate that triggered her 2009 action. At the 2010 hearing, Mother testified as follows regarding the 1989 judgment, the accident proceeds referenced therein, and the nonpayment and eventual timing of her claim:

Q And what was th[e 1989] judgment all about? Did you . . .

A It . . .

Q . . . recall?

A . . . was for back support; and he'd been to court so many times that the Judge finally just got tired of going to court. He wasn't showing up and you would show up; sometimes you had other cases and then you couldn't show up, so the Judge finally just granted one (1) total, because he was waiting for a settlement from the Greensburg accident—the Million–Dollar settlement, . . .

Q Okay.

A . . . where his girlfriend got killed.

Q And you don't know whether or not that ever came through?

A Well, I know the sons got it; because I was working at Wal–Mart with the two (2) son—well, one (1) of the sons there.

Q Okay. And the uh—

A But I kept asking and he said he never did get it.

Q Now, from 1989 on, did you ever attempt to recover that support?

A No, I did not.

Q Okay. And then, after his death, you did file a claim in this in this court, didn't you?

A Yes, I did. 'Cause I was told that he never did get his settlement. And he never did pay what the judge ordered.

Tr. at 7–8.

It is clear from Mother's testimony that she asserted nonpayment. Moreover, the record is devoid of any evidence that Father's estate pleaded payment. Thus, the evidence was sufficient to overcome the presumption of satisfaction of the judgment. As such, Mother's claim against the estate is not barred by Indiana Code Section 34–11–2–12. Accordingly, we affirm.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.