FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 1 0 2016

~Madsen, C.J.~
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Nov 10, 2016

Susan L. Carlson
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Paternity of M.H. | ) | No. 92620-4 |
| | ) | |
| STEPHANIE BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | En Banc |
| v. | ) | |
| | ) | |
| JUAN SIDRAN HEFLIN, | ) | |
| | ) | |
| Respondent. | ) | Filed: NOV 1 0 2016 |
| | ) | |

MADSEN, C.J.—The Uniform Interstate Family Support Act (UIFSA) governs

how Washington courts are to enforce child support orders issued by courts in other

states. In this case, we must clarify under which of UIFSA's choice of law rules our

state's nonclaim statutes fall. Relying on the comments to the model UIFSA and other

states' interpretations of UIFSA, we hold that under UIFSA's choice of law provision, a

statute authorizing wage withholding is a "remedy," whereas a nonclaim statute is a

"statute of limitation." After comparing the two statutes of limitations applicable in this

case, the 20-year Indiana statute of limitation controls because it is longer. Therefore, the

trial court had the authority to enter the wage withholding order, and we reverse and

remand this case for entry of judgment in Stephanie Bell's favor. Bell is awarded attorney fees and costs at trial and on appeal.

FACTS

Stephanie Bell and Juan Sidran Heflin are the parents of M.H. (born May 13, 1985). In 1994, Bell established paternity and obtained an order of child support from the Vigo Circuit Court in Indiana. The order mandated that Heflin pay $77 per week in child support, as well as $539 of back support. Bell and M.H. lived in Indiana at that time, but Heflin lived in Washington. On September 9, 2010, Bell registered the Indiana support order in King County, Washington for enforcement only. After various hearings, the King County Superior Court confirmed the Indiana support order, in the sum of $110,709.23, as a registered foreign child support obligation on February 24, 2011.[1] Clerk's Papers (CP) at 12-13. The parties then entered into a settlement agreement on December 7, 2011 where Heflin agreed to pay a sum of $120,000 in monthly payments of $2,000. After Heflin failed to abide by the terms of the settlement agreement, Bell filed the motion for wage withholding in King County Superior Court that is the subject of this appeal. After finding that Indiana law applied, the superior court issued the wage withholding order. CP at 66-69.

The Court of Appeals, Division One, reversed the wage withholding order in an unpublished opinion. *In re Paternity of M.H.*, No. 72527-1-I (Wash. Ct. App. Sept. 28, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/725271.pdf. The Court of

---

[1] The order is dated February 23, 2011, but the superior court clerk filed the order on February 24, 2011.

Appeals applied RCW 4.56.210(2), which states, "An underlying judgment or judgment lien . . . for accrued child support shall continue in force for ten years after the eighteenth birthday of the youngest child."[2] Ultimately, the court found that RCW 4.56.210(2) fell under the "procedures and remedies" section of the UIFSA choice of law statute, RCW 26.21A.515(3). Therefore, the law of Washington applied and the trial court lacked the authority to issue the wage withholding order because the time period in RCW 4.56.210(2) had passed and the judgment had thus expired. *M.H.*, slip op. at 6.

Bell petitioned this court for review. The Washington State Department of Social and Health Services filed an amicus brief in support of Bell.

## ANALYSIS

The issues here present questions under UIFSA, RCW 26.21A.515. Statutory construction is a question of law that this court reviews de novo. *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1996).

Our court has not had many opportunities to interpret UIFSA, which governs how Washington courts enforce child support orders issued by courts in other states. We did recount a brief history of UIFSA in *In re Marriage of Schneider*, 173 Wn.2d 353, 358-59, 268 P.3d 215 (2011). Prior to UIFSA, parties could have competing child support orders in different states, parents could avoid obligations by moving to states with more favorable laws, and the resulting litigation caused the system to be in a state of general "'chaos.'" *Id.* at 358 (quoting UIFSA (2008), 9 pt. 1B U.L.A. § 611 cmt. at 139-40

---

[2] The Court of Appeals also discussed RCW 6.17.020(2), which sets out a similar limitation of 10 years after the 18th birthday of the youngest child. Our cases that discuss these nonclaim statutes typically discuss both. This opinion refers only to RCW 4.56.210(2) for simplicity.

(Supp. 2011)). UIFSA established a "'one-order'" system where one state would have continuing, exclusive jurisdiction over a support order to help alleviate this chaos. *Id.* at 358-59 (quoting 9 pt. 1B U.L.A. § 611 cmt. at 139-40 (Supp. 2011)). To maintain this system, UIFSA includes various provisions relating to modifying and enforcing support orders from other states. *Id.* at 359.

The first issue in this case is which provision of the UIFSA choice of law statute applies. That statute states:

> (1) Except as otherwise provided in subsection (4) of this section, the law of the issuing state or foreign country governs:
> 　　(a) The nature, extent, amount, and duration of current payments under a registered support order;
> 　　(b) The computation and payment of arrearages and accrual of interest on the arrearages under the support order; and
> 　　(c) The existence and satisfaction of other obligations under the support order.
> 　　(2) In a proceeding for arrears under a registered support order, the statute of limitation of this state or of the issuing state or foreign country, whichever is longer, applies.
> 　　(3) A responding tribunal of this state shall apply the procedures and remedies of this state to enforce current support and collect arrears and interest due on a support order of another state or foreign country registered in this state.
> 　　(4) After a tribunal of this or another state determines which is the controlling order and issues an order consolidating arrears, if any, a tribunal of this state shall prospectively apply the law of the state or foreign country issuing the controlling order, including its law on interest on arrears, on current and future support, and on consolidated arrears.

RCW 26.21A.515.

Heflin argues that RCW 4.56.210(2)—the nonclaim statute applied by the Court of Appeals—is a "remedy" under RCW 26.21A.515(3), thus Washington law should apply to bar the claim because the time for enforcement has expired. But RCW 4.56.210(2)

4

does not fit well within the remedy section. UIFSA does not define "remedies," but the comment to the model act refers to mechanisms such as "license suspension or revocation statutes" as examples of remedies. UIFSA (2008), 9 pt. 1B U.L.A. § 604(b) cmt. at 197 (Supp. 2016). Based on that comment, the wage withholding mechanism used in this case, for example, would be a "remedy" under RCW 26.21A.515(3). *See* RCW 26.18.070. The text of the chapter authorizing such wage withholding orders supports this view. In enacting the wage withholding remedy, the legislature found that there was an urgent need for vigorous enforcement of child support and that "more efficient statutory *remedies* need[ed] to be established to supplement and complement the remedies provided in chapters 26.09, 26.21A, 26.26, 74.20, and 74.20A RCW." RCW 26.18.010 (emphasis added).[3] The legislature also mandated that the "*remedies* provided in [the child support enforcement] chapter" be "liberally construed to assure that all dependent children are adequately supported." RCW 26.18.030(1), (3) (emphasis added).

RCW 4.56.210(2), on the other hand, does not provide a procedural mechanism to enforce a child support order. Rather, it provides a durational limit on the general enforcement of an underlying judgment for child support. This distinction has been made by a court in at least one other state. In that case, the North Carolina Court of Appeals held that "remedy" under a different provision of UIFSA refers to the "procedural means of enforcing support orders," rather than the enforcement itself. *State ex rel. George*, 120 N.C. App. 552, 558, 503 S.E.2d 686 (1998). Further, the *Bray* court discusses a North

---

[3] Notably absent from the legislature's enumerated list of child support enforcement *remedies* are RCW 4.56.210(2) and RCW 6.17.020(2).

Carolina durational limit statute for child support actions that is identical to RCW 4.56.210(2). Interestingly, the *Bray* court does not discuss the time limit in relation to "remedies" under UIFSA; rather, the court discusses the time limit only in its section on the applicable statute of limitation under UIFSA. This supports finding that Washington's identical statute is not a "remedy" and is therefore not governed by the remedies section of the UIFSA choice of law provision.

The other option, which Bell and amicus advocate for, is that RCW 4.56.210(2) is a "statute of limitation" under RCW 26.21A.515(2).[4] Heflin argues that RCW 4.56.210 and RCW 6.17.020 are not statutes of limitation. This is generally a correct statement of Washington case law. *Hazel v. Van Beek*, 135 Wn.2d 45, 60-61, 954 P.2d 1301 (1998) (describing RCW 6.17.020(1) as a jurisdictional time limit rather than a normal statute of limitations); *Grub v. Fogle's Garage, Inc.*, 5 Wn. App. 840, 842, 491 P.2d 258 (1971) (stating RCW 4.56.210(1) is a statute creating a lien right for a definite length of time only, and not a statute of limitation, "'because it does not exist outside of the period during which it is conferred'" (quoting *Hutton v. State*, 25 Wn.2d 402, 407, 171 P.2d 248 (1946))). This court explained the distinction between the jurisdictional time bar found in nonclaim statutes like RCW 4.56.210 and statutes of limitation in *Hutton*. "A statute creating a lien right for a definite length of time only, is something that is in addition to the cause of action or substantive right in question and is *not a statute of limitations*,

---

[4] RCW 26.21A.515(2) provides, "In a proceeding for arrears under a registered support order, the statute of limitation of this state or of the issuing state or foreign county, whichever is longer, applies." The Court of Appeals did not have the opportunity to address the applicability of this section because the parties failed to argue that it should apply.

because it does not exist outside of the period during which it is conferred." *Id.* at 407 (emphasis added).

No Washington case, however, analyzes whether these nonclaim statutes are "statutes of limitation" for purposes of the UIFSA choice of law provision. But several cases from other states have faced this issue when applying their versions of UIFSA. These cases suggest that despite the Washington case law disavowing the "statute of limitation" label for RCW 4.56.210 generally, this court should treat the section regarding child support orders as a statute of limitation for UIFSA choice of law. RCW 26.21A.905 emphasizes that in applying and construing UIFSA, "consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." *See also Schneider*, 173 Wn.2d at 369 ("Because this is a matter of first impression in Washington of interpreting a uniform law adopted by all 50 states, we may consider how these other states have addressed the issue. RCW 26.21A.905.").

In *Martin v. Phillips*, the Kansas Court of Appeals discussed this choice of law issue as between the applicable Kansas statute and the same Washington statute at issue here. 51 Kan. App. 2d 393, 347 P.3d 1033 (2015). The court explained the related concepts of a "statute of limitation" and a "dormant judgment." *Id.* at 398. In that case, the defendant did not challenge that the statute of limitation provision in UIFSA applied, and the court stated, "That makes sense—neither a dormant judgment nor a claim barred by a statute of limitations may be collected. In addition, quite literally, a dormancy

statute *is* a statute of limitations: it limits by statute one's ability to collect on a judgment." *Id.* at 399. Under UIFSA, the Kansas dormancy statute applied, rather than RCW 4.56.210(2), because arrearages were always collectible under Kansas law (at that time—the law was subsequently amended), as compared to the 10 years after the 18th birthday limit set forth in RCW 4.56.210. *Id.* at 397-98.

Cases from other states are in accord. *Hale v. Hale*, 33 Kan. App. 2d 769, 771, 108 P.3d 1012 (2005) (stating that the specific UIFSA statute of limitation provision controls over general statutes relating to the duration of an enforceable judgment; comparing Kansas dormancy statute with Oklahoma statute providing that child support judgments never become dormant to determine which applied under UIFSA's choice of law statute); *In re B.C.*, 52 S.W.3d 926, 929 (Tex. App. 2001) (a dormancy, jurisdiction-type statute for enforcing arrearages is a statute of limitation for UIFSA purposes, even where other cases specify that it is not a statute of limitation for other purposes); *In re Marriage of Morris*, 32 P.3d 625, 626-27 (Colo. App. 2001) (a jurisdiction time limit statute "functions as a statute of limitations" for UIFSA choice of law).

Based on these cases and the general policy rationale underlying UIFSA, we hold that RCW 4.56.210(2) is a "statute of limitation" for UIFSA choice of law purposes, despite the fact that it is not a statute of limitation for other purposes and not a "remedy" under RCW 26.21A.515(3).

Because we hold that RCW 4.56.210(2) is a statute of limitation for UIFSA choice of law purposes, we must compare its time period with the statute of limitation in

Indiana, the issuing state, to determine which is longer. *See* RCW 26.21A.515(2). The parties dispute the correct statute of limitation for this action in Indiana. Indiana has a statute similar to RCW 4.56.210(2) that states, "An action to enforce a child support obligation must be commenced not later than ten (10) years after: (1) the eighteenth birthday of the child; or (2) the emancipation of the child; whichever occurs first." IND. CODE § 34-11-2-10. But Indiana also has a statute that states, "Every judgment and decree of any court . . . shall be considered satisfied after the expiration of twenty (20) years." IND. CODE § 34-11-2-12.[5] And both of these statutes come into play in support orders.

The Court of Appeals of Indiana has explained that the 10-year statute (Indiana Code § 34-11-2-10) applies to claims to enforce a child support obligation. *Wilson v. Steward*, 937 N.E.2d 826, 829 (Ind. Ct. App. 2010). But once there has been a judgment, the 20-year statute (Indiana Code § 34-11-2-12) applies. *Id.* In *Wilson*, the mother had a 1989 judgment holding the father in contempt for nonpayment of child support and ordering him to pay the child support arrearage. That 1989 judgment was what the mother was attempting to enforce; therefore the 20-year statute applied. *Id.* In the present case, Bell is not seeking to enforce a child support obligation. Rather, Bell is seeking to enforce the February 24, 2011 order that mandated Heflin pay $110,709.23 of

---

[5] It is worth noting that this Indiana statute is another example of a statute that the Indiana state courts have interpreted as a "statute of limitation" for UIFSA choice of law purposes, despite holding in other situations that the provision is *not* a statute of limitations (it is rule of evidence providing a rebuttable presumption of a valid judgment). *See Wilson v. Steward*, 937 N.E.2d 826, 830 (Ind. Ct. App. 2010).

unpaid child support obligations (aka arrearages). Therefore, under the law of Indiana, the 20-year statute applies.

Under the Washington statute, Bell's period for enforcing the arrears judgment would have expired 10 years after M.H.'s 18th birthday. M.H. was born May 13, 1985. Her 18th birthday was thus May 13, 2003. Under RCW 4.56.210(2), the judgment would not be enforceable after May 13, 2013. But under the Indiana statute, Bell's judgment remains enforceable for at least 20 years. The judgment for arrearages that Bell seeks to enforce is from February 24, 2011. Under Indiana Code § 34-11-2-12, this judgment would be enforceable until at least February 24, 2031. Because the Indiana statute of limitation is longer than the Washington statute of limitation, RCW 26.21A.515(2) mandates that Washington courts apply the Indiana law. The trial court thus properly applied the Indiana law and had the authority to issue the wage withholding order to satisfy the judgment for child support arrears.

The policy behind UIFSA supports our holding. UIFSA sought to avoid allowing parents to forum-shop based on which states could limit their liability under existing support orders. The comment to the model act explains the rationale behind the statute of limitation provision is that "the obligor should not gain an undue benefit from his or her choice of residence if the forum state . . . has a shorter statute of limitations for arrearages." UIFSA (2008), 9 pt. 1B U.L.A. § 604(b) cmt. at 197 (Supp. 2016). Amicus persuasively argues that holding that a statute that limits the time for recovery of arrearages, like RCW 4.56.210(2), is not a "statute of limitation" for UIFSA choice of

law purposes would prevent courts from applying RCW 26.21A.515 as it was intended to be applied. If the directive to apply the longer limitation period does not apply to the enforcement period under RCW 4.56.210(2), the directive is meaningless. Foreign support orders registered in Washington would be unenforceable under RCW 4.56.210(2) even if the statute of limitation for such enforcement had not yet expired in the issuing state. By mandating the application of the longer statute of limitation period, UIFSA suggests an intent to keep judgments for arrearages enforceable as long as possible to give children the most support possible. Holding that RCW 4.56.210(2) is a statute of limitation for UIFSA choice of law purposes is the most consistent with that intent.

Bell also asserts that applying the nonclaim statute violates the full faith and credit clause of the constitution, U.S. CONST. art. I, § 1, but the Court of Appeals rejected this claim because Bell provided no meaningful legal argument. Because we resolve this case on nonconstitutional grounds,[6] we do not address Bell's full faith and credit clause claim.

Bell requested attorney fees pursuant to RCW 26.18.160 in the Court of Appeals. We treat such a request as a continuing request in this court. RAP 18.1(b). A prevailing party is entitled to costs and attorney fees incurred at the trial level and on appeal. *In re Marriage of Capetillo*, 85 Wn. App. 311, 320, 932 P.2d 691 (1997) (citing RCW 26.18.160; *In re Marriage of Hunter*, 52 Wn. App. 265, 273, 758 P.2d 1019 (1988)). Because Bell is the prevailing party on appeal of the motion for wage assignment, RCW

---

[6] "'It is well established that if a case can be decided on nonconstitutional grounds, an appellate court should decline to consider the constitutional issues.'" *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 173 Wn.2d 551, 559 n.3, 269 P.3d 1013 (2012) (quoting *HJS Dev., Inc. v. Pierce County*, 148 Wn.2d 451, 469 n.75, 61 P.3d 1141 (2003)).

26.18.070, she is entitled to recovery of costs, including an award for reasonable attorney fees under RCW 26.18.160, provided she complies with RAP 18.1.

## CONCLUSION

We reverse the Court of Appeals and hold (1) a "remedy" under UIFSA choice of law, RCW 26.21A.515(3), is the statute authorizing wage withholding, RCW 26.18.070, rather than the time for judgment statute, RCW 4.56.210(2); (2) RCW 4.56.210(2) is a "statute of limitation" for UIFSA choice of law purposes; and (3) under RCW 26.21A.515(2), the 20-year Indiana statute of limitations controls because it is longer. Therefore, the trial court had the authority to enter the wage withholding order. We reverse and remand for entry of judgment in Bell's favor.

No. 92620-4

_Madsen, C.J._

WE CONCUR:

_____        _____
_Johnson, J._                    _Wiggins, J._

_____        _____
_Owens, J._                      _González, J._

_____        _____
_Fairhurst, J._                  _Gordon McCloud, J._

_____        _____
_Stephens, J._                   _Yu, J._

13