# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of | No.  50907-5-II |
| JACK DEAN MILLER, | |
| Respondent, | |
| and | |
| MARILYN LOUISE MILLER, | |
| Appellant. | UNPUBLISHED OPINION |

WORSWICK, J. — Marilyn McCormick[1] appeals the trial court's order denying her motion for reconsideration regarding attorney fees and costs for a contempt proceeding.  McCormick brought a contempt action against her former husband, Jack Miller, after he failed to pay her monthly spousal maintenance.  The trial court found Miller in contempt for willfully violating the divorce decree by not paying McCormick maintenance.  However, the trial court denied McCormick's request for attorney fees and costs.  The trial court then denied McCormick's motion for reconsideration on this issue.[2]

We hold that because McCormick was the prevailing party in the contempt action, and because the relevant statute mandates an award of costs including reasonable attorney fees, the trial court abused its discretion by denying McCormick's request.  We reverse the trial court's

---

[1] Marilyn McCormick was previously known as Marilyn Miller.

[2] The order of reconsideration on appeal granted McCormick some relief in the form of clarifying an award of interest.

order insofar as it denied McCormick's costs and reasonable attorney fees, and we remand with instructions for the trial court to award McCormick costs including reasonable attorney fees. We also award McCormick costs including reasonable attorney fees on appeal.

FACTS

Marilyn McCormick and Jack Miller divorced in April 2015. The dissolution decree obligated Miller to pay McCormick $2,500 in monthly spousal maintenance for 48 months following the dissolution.

In March 2017, Miller filed a motion to modify spousal support in Pierce County Superior Court. Then on April 7, 2017, McCormick filed a motion for a contempt hearing, asserting that Miller did not pay spousal maintenance for the months of January through April 2017. McCormick requested an order requiring Miller to show cause as to why he should not be held in contempt. McCormick also requested reasonable attorney fees and costs. A court commissioner ruled that although Miller did not obey the support orders, he was not in contempt because his failure to pay was not willful. The commissioner also temporarily reduced Miller's maintenance payment to $1,500 per month. McCormick then filed a motion for revision of the commissioner's rulings. McCormick also sought reasonable attorney fees and costs.

The trial court reversed the commissioner's ruling that reduced Miller's maintenance payments and further found that that Miller did "willfully" violate the maintenance order by failing to show that he did not have the ability to pay McCormick, and by prioritizing other bills. Clerk's Papers at 418. Thus, the court found Miller to be in contempt and ordered him to pay McCormick for past due support. However, the court denied McCormick's request for reasonable attorney fees and costs.

2

No. 50907-5-II

McCormick then filed a motion for reconsideration of the court's denial of her request for attorney fees and costs. McCormick argued that under RCW 26.18.160[3] an award of fees and costs to the prevailing party is mandatory in a contempt action, and that as the prevailing party she was entitled to costs including reasonable attorney fees. The court denied McCormick's motion for reconsideration, stating that it believed it had discretion whether to order reasonable attorney fees under the statute.

McCormick appeals the trial court's order denying her motion for reconsideration.

ANALYSIS

McCormick argues that she is entitled to reasonable attorney fees and costs under RCW 26.18.160 because she is the prevailing party. McCormick also argues that she is entitled to fees and costs on appeal. Miller responds that attorney fees are not mandatory under RCW 26.18.160.[4] We agree with McCormick.

We review a trial court's denial of reconsideration for abuse of discretion. *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015). A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. *In re Marriage of Herridge*, 169 Wn. App. 290, 296-97, 279 P.3d 956 (2012). A trial court's interpretation of a statute is a

---

[3] RCW 26.18.160 provides that the prevailing party in an action to enforce a maintenance order "is entitled" to a recovery of costs, including reasonable attorney fees.

[4] Miller also appears to argue that the amount of fees sought by McCormick was unreasonable. However, because the trial court did not award McCormick fees below, there has not been a determination by the trial court as to a reasonable award of attorney fees, and we do not consider this argument.

question of law that we review de novo. *In re Marriage of Zacapu & Zacapu-Oliver*, 192 Wn. App. 700, 705, 368 P.3d 242 (2016).

A party may initiate contempt proceedings as part of a dissolution action when the party obligated to pay maintenance fails to comply with the support order. *See* RCW 26.18.050(1). RCW 26.18.160 states that "[i]n any action to enforce a support or maintenance order under this chapter, the prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees."

The parties here do not dispute that McCormick was the prevailing party in the contempt action based on Miller's failure to pay support. The only question is whether under RCW 26.18.160, the trial court was required to award McCormick costs including reasonable attorney fees.

The primary goal of statutory interpretation is to discern and implement the legislature's intent. *In re Parental Rights to K.J.B.*, 187 Wn.2d 592, 596, 387 P.3d 1072 (2017). To determine the plain meaning of a statute, we look at the context of the statute, related provisions, and the statutory scheme as a whole. *Whatcom Cty. v. Hirst*, 186 Wn.2d 648, 667, 381 P.3d 1 (2016). We may also determine the plain meaning of an undefined term from a standard English dictionary. *Citizens All. for Prop. Rights Legal Fund v. San Juan Cty.*, 184 Wn.2d 428, 443, 359 P.3d 753 (2015).

The plain language of RCW 26.18.160 requires the trial court to award costs including reasonable attorney fees to McCormick because she was the prevailing party in the contempt action. *Webster's* defines "entitled" as "to give a right or legal title to." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 758 (2002). The phrase "is entitled to" therefore instructs that a

party who prevails in an enforcement action has a legal right to collect attorney fees and costs. Therefore, an award for costs including reasonable attorney fees under RCW 26.18.160 is not discretionary. This result is corroborated by *In re Marriage of Nelson*, 62 Wn. App. 515, 520, 814 P.2d 1208 (1991), which addressed this identical question and held that costs, including reasonable attorney fees, are not discretionary under RCW 21.18.160.

Here, McCormick was the prevailing party in the contempt proceedings. Because RCW 26.18.160 requires an award of attorney fees to the prevailing party in a contempt action for failure to pay support, the trial court abused its discretion when it declined to award McCormick attorney fees and costs.

Accordingly, we reverse the trial court's order on reconsideration on this issue and remand to the trial court with instructions to award McCormick reasonable attorney fees and costs.

## ATTORNEY FEES ON APPEAL

McCormick also seeks attorney fees and costs on appeal. RAP 18.1 (a) allows a party to recover its reasonable attorney fees and costs on appeal if an applicable law grants that party a right to recover attorney fees and costs. RCW 26.18.160 encompasses both actions at trial and on appeal. *Matter of Paternity of M.H.*, 187 Wn.2d 1, 13, 383 P.3d 1031 (2016). Because McCormick is the prevailing party on appeal, we also award McCormick reasonable attorney fees and costs on appeal under RCW 26.18.160 and RAP 18.1(a).

No. 50907-5-II

## CONCLUSION

We reverse the trial court's order denying McCormick's motion for reconsideration insofar as it denies McCormick's costs and reasonable attorney fees, and we remand with instructions to the trial court to award McCormick reasonable fees and costs. We also award McCormick reasonable fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Johanson, J.

Melnick, J.