# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ZANE EDWARD JACK ZANASSI,<br>f.n.a. PAYTON ZANE DUFFEY,<br><br><br><br>                 Petitioner. | No. 57158-7-II<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART MOTION<br>FOR RECONSIDERATION, AND<br>ORDER AMENDING OPINION |

Petitioner, Zane E. J. Zanassi, filed a motion for reconsideration of this court's unpublished opinion filed on June 11, 2024. After consideration, it is hereby

**ORDERED** that the motion for reconsideration is granted in part. This court amends its opinion as follows:

The second sentence of the last paragraph on page 3 shall be amended to read: "Zanassi argued that the State failed to prove that any of the offenses were committed after his 18th birthday, and therefore, the exception to the indeterminate sentence sentencing scheme should have applied to him."

It is further

No. 57158-7-II

      **ORDERED** that the remainder of petitioner's motion for reconsideration are denied.

      FOR THE COURT:  Jj. Lee, Cruser, Che

 

 

Lee, J.

We concur:

Cruser, C.J.

Che, J.

2

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57158-7-II |
| ZANE EDWARD JACK ZANASSI, f.n.a. PAYTON ZANE DUFFEY, | ORDER AMENDING OPINION TO CORRECT CAPTION |
| Petitioner. | |

Respondent, State of Washington, filed a motion to correct the unpublished opinion filed on June 11, 2024, to change Petitioner's name in the caption to: ZANE EDWARD JACK ZANASSI, f.n.a. PAYTON ZANE DUFFEY. We grant the motion; we do not amend any other portion of the opinion or the result. Accordingly, it is

**SO ORDERED**

**PANEL:** Jj. Lee, Cruser, Che

**FOR THE COURT:**

_____
LEE, JUDGE

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ZANE EDWARD JACK ZANASSI,<br>f.n.a. PAYTON ZANE DUFFY,<br><br>                  Petitioner. | No. 57158-7-II<br><br><br>UNPUBLISHED OPINION |

LEE, J. — In this personal restraint petition (PRP), Zane E. J. Zanassi seeks relief from confinement following his guilty plea to one count of first degree rape of a child and one count of first degree child molestation. Although Zanassi filed this petition more than one year after his judgment and sentence became final, he argues that his petition is not time barred because his judgment and sentence is facially invalid.

We hold that Zanassi has failed to show the judgment and sentence is facially invalid as to the sentence on the first degree child molestation conviction. Therefore, Zanassi's challenge to the first degree child molestation conviction is time barred. Further, although Zanassi's sentence for first degree rape of a child is fundamentally defective and therefore facially invalid, Zanassi is not entitled to relief because he fails to show that the fundamental defect resulted in a complete miscarriage of justice. Accordingly, Zanassi's petition is dismissed in part and denied in part.

FACTS

On March 12, 2018, the State charged Zanassi with one count of first degree rape of a child and three counts of first degree child molestation. The charging period for each offense was

No. 57158-7-II

January 1, 2017 through January 10, 2018. Zanassi was born on January 20, 1999 and turned 18 years old on January 20, 2017.

In October 2018, the State filed an amended information charging one count of first degree rape of a child and one count of first degree child molestation. The charging period for both offenses in the amended information was January 1, 2017 through January 10, 2018. Zanassi agreed to plead guilty as charged to the amended information. Zanassi's statement on plea of guilty stated:

> On or about 1/1/17, while in Pierce County, WA I did unlawfully and feloniously engage in sexual intercourse with CG who was less than 12 years. Also between 1/1/17 and 1/10/18 I unlawfully and feloniously had sexual contact with LME and LNE, who are both less than 12 years old. And I previously lived with LME and LNE. And I use[d] to watch C.G. when parent was out.

State's Mem. in Opp'n to CrR 7.8 Mot. (State's Mem.), Attach. E at 30. The plea agreement included the following agreed recommendation regarding incarceration and community custody:

- The state will recommend an indeterminate prison sentence with the minimum term equal to or less than the high end of the range for each count.
- The defendant is free to recommend [special sex offender sentencing alternative (SSOSA)] or incarceration within the standard range but, in exchange for the reduced charges in this plea agreement, may not recommend an exceptional sentence below the standard range, nor any form of alternative confinement or alternative conversion.
- The state further agrees to consider SSOSA but only after (1) reviewing a psycho-sexual evaluation by a state-approved treatment provider, (2) reviewing the defendant's treatment plan and social and financial circumstances for assurance that the defendant has the capacity to fully comply with and complete all requirements of treatment, and (3) reviewing the defendant's sexual history polygraph for offenses against other victims. The defendant's SSOSA evaluation must be submitted to the state no later than the submission of the [pre-sentence investigation (PSI)].
- The state and defense will jointly recommend lifetime community custody on both counts.

State's Mem., Attach. E at 34.

At sentencing, the superior court considered the Department of Corrections' PSI and Zanassi's sexual assault evaluation in support of Zanassi's request for a SOSSA. The PSI states that the victims in this case reported multiple incidents of abuse by Zanassi throughout the relevant charging period. The psychosexual evaluation noted that the current charges resulted from the victims reporting multiple instances of sexual abuse that occurred while Zanassi was babysitting them. In both interviews, Zanassi denied the rape charge despite his guilty plea statement.

Ultimately, the superior court declined to impose a SSOSA because Zanassi refused to admit to the rape in the PSI and psycho-sexual evaluation. The superior court imposed a standard range indeterminate sentence of 120 months to life for first degree rape of a child and a standard range indeterminate sentence of 67 months to life for first degree child molestation.

Zanassi's judgment and sentence was entered January 3, 2019. In the judgment and sentence, the superior court found Zanassi guilty of first degree rape of a child, committed from January 1, 2017 to January 10, 2018, and first degree child molestation, committed from January 1, 2017 to January 10, 2018.

On February 14, 2022, Zanassi filed a CrR 7.8 motion for relief from judgment seeking to have his judgment and sentence vacated and to be resentenced. Zannassi argued that the State failed to prove that any of the offenses were committed after his 18th birthday, and therefore, the exception to the indeterminate sentence sentencing scheme should have applied to him. Zanassi also argued that his challenge to his sentence was timely under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), and subsequent cases regarding the sentencing of juveniles and youthful offenders. The State responded that Zanassi's motion was time barred and, therefore, should be transferred to this court for consideration as a PRP.

No. 57158-7-II

The superior court transferred Zanassi's CrR 7.8 motion to this court for consideration as a PRP because the motion appeared to be time barred. In June 2022, we stayed consideration of Zanssi's petition pending decisions in certain Washington Supreme Court cases. In June 2023, we lifted the stay and ordered supplemental briefing.

ANALYSIS

Zanassi argues that his petition is not time barred because imposition of an indeterminate sentence renders his judgment and sentence facially invalid.[1,2] Zanassi's challenge to his sentence on the first degree child molestation conviction is time barred because Zanassi cannot show that his judgment and sentence on that count is facially invalid. And while Zanassi's sentence for first degree rape of a child is facially invalid and not time barred, Zanassi is not entitled to relief because he fails to show a complete miscarriage of justice resulted from his sentence.

_____

[1] The State argues that Zanassi has waived the argument that his judgment and sentence is facially invalid because he did not raise facial invalidity until the supplemental reply brief in this court. Generally, arguments raised for the first time in a reply brief are too late to warrant this court's consideration. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). However, here, Zanassi has been arguing that he should not have been sentenced to an indeterminate sentence since his initial CrR 7.8 motion. Although Zanassi may not have specifically mentioned facial invalidity, Zanassi was clearly arguing that the superior court imposed a sentence without statutory authorization, which implicates facial invalidity. Accordingly, we address Zanassi's argument that his judgment and sentence is facially invalid.

[2] Zanassi originally argued that his petition was not time barred under RCW 10.73.100(6), an exception to the time bar, because *Houston-Sconiers* was a significant, material, retroactive change in the law. Zanassi appears to have abandoned this argument. But even if we considered this argument, *Houston-Sconiers* is not a significant change in the law with regard to Zanassi's case. *Houston-Sconiers* was decided in 2017. Zanassi was sentenced in 2019, two years *after Houston-Sconiers* was decided. Therefore, *Houston-Sconiers* was not a significant change in the law in Zanassi's case because it was already decided and potentially applicable to Zanassi at the time of his sentencing.

4

A.      LEGAL PRINCIPLES

To obtain relief in a PRP, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To meet their burden in a PRP, the petitioner must state with particularity facts that, if proven, would entitle the petitioner to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992). Bald assertions and conclusory allegations are not sufficient. *Id.* Arguments made only in broad, general terms are also insufficient. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327-28, 394 P.3d 367 (2017).

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Zanassi's judgment and sentence became final on January 3, 2019, when it was entered. RCW 10.73.090(3)(a). Zanassi did not file this petition until 2022, well over one year later. Thus, Zanassi's petition is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1).

A judgment and sentence is facially invalid if "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). When the judgment and sentence results from a guilty plea, the "face" of the judgment and sentence includes documents signed as part of the plea agreement. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 799-800, 272 P.3d 209 (2012).

Further, a judgment and sentence is facially invalid when the court exceeds its substantive authority by actually exercising power it did not have. *In re Pers. Restraint of Flippo*, 187 Wn.2d

106, 110, 385 P.3d 128 (2016). "For a judgment to exceed the court's statutory authority, we require more than an error that 'invite[s] the court to exceed its authority'; the sentencing court must actually pass down a sentence not authorized under the [Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA)]." *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011)).

B.      FACIAL INVALIDITY OF SENTENCE ON FIRST DEGREE CHILD MOLESTATION CONVICTION

Zanassi argues that his judgment and sentence is facially invalid because the State failed to prove that he committed his offenses after his 18th birthday, and therefore, the superior court did not have the statutory authority to impose an indeterminate sentence. We disagree.

Under RCW 9.94A.507, an offender convicted of certain offenses, including first degree rape of a child or first degree child molestation, is sentenced to an indeterminate sentence with a minimum term and a maximum term. RCW 9.94A.507(1)(a)(i), (3)(a). However, "[a]n offender convicted of rape of a child in the first or second degree or child molestation in the first degree who was seventeen years of age or younger at the time of the offense shall not be sentenced under this section." RCW 9.94A.507(2).

First, Zanassi misapplies the burden of proof in a PRP. In a PRP, Zanassi bears the burden of proving that he is entitled to relief.

Here, it is undisputed that Zanassi's judgment and sentence shows that Zanassi pleaded guilty to first degree rape of a child and first degree child molestation and that both crimes included an offense time period where the majority of the time is after Zanassi's 18th birthday. While Zanassi's plea statement establishes he was 17 years old at the time he committed first degree rape of a child, Zanassi cannot show that his conviction for first degree child molestation occurred

6

exclusively when he was 17 years of age or younger. Instead, Zanassi's plea statement and the judgment and sentence clearly state that Zanassi committed the first degree child molestation during a period of time when an indeterminate sentence under RCW 9.94A.507 would be authorized. Thus, Zanassi has failed to meet his burden to show that his judgment and sentence is facially invalid as to the first degree child molestation count because the superior court had the statutory authority to impose an indeterminate sentence based on the period of time that Zanassi was over 18 years old. Therefore, Zanassi has failed to show that the superior court actually imposed a sentence it did not have the authority to impose. *Toledo-Sotelo*, 176 Wn.2d at 767.

Second, Zanassi appears to argue that the real facts doctrine requires that this court consider nothing more than Zanassi's statement of defendant on plea of guilty. However, this is a too narrow construction of the real facts doctrine. The real facts doctrine is based on the SRA. Specifically, RCW 9.94A.530(2) states:

> In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point.

Although Zanassi's statement on plea of guilty establishes that Zanassi admitted to committing the rape only when he was 17 years old (discussed below), the statement admits that the child molestation occurred during the entire charging period, which includes a period of time in which Zanassi was 18 years old. Further, there is additional evidence in the record at sentencing, such as the PSI and psycho-sexual evaluation, that establish a factual basis for determining that the child molestation offenses occurred after Zanassi turned 18 years old. *See In re Pers. Restraint*

7

*of Crabtree*, 141 Wn.2d 577, 585, 9 P.3d 814 (2000) ("Moreover, there is evidence outside the guilty plea, showing that Crabtree did commit the offenses during the statutory period."). Therefore, Zanassi's reliance on the real facts doctrine to establish that his judgment and sentence is facially invalid as to the first degree child molestation conviction is misplaced.

Third, Zanassi cites to multiple cases he claims support his position that it was unlawful for the superior court to impose an indeterminate sentence when the charging period included a period of time when he was a juvenile. However, the cases that Zanassi relies on do not address the issue of whether a trial court has the authority to impose a more severe punishment when a charging period spans times authorizing different punishments. *See State v. Parker*, 132 Wn.2d 182, 191, 937 P.2d 575 (1997) ("Evidence was given showing Parker committed the acts before the increase in penalties."); *State v. Aho*, 137 Wn.2d 736, 744, 975 P.2d 512 (1999) ("Because the jury did not identify when the acts that it found constituted the offenses occurred, it is possible that Aho has been illegally convicted based upon an act or acts occurring before the effective date of the child molestation statute.").[3]

Our Supreme Court's decision in *Crabtree*, in which the petitioner claimed he was improperly subjected to community custody because the statute authorizing community custody

---

[3] Zanassi also relies on *State v. England*, No. 38778-0-III, (Wash. Ct. App. May 16, 2023) available at https://www.courts.wa.gov/opinions/index.cfm?fa=opinions.showOpinion&filename =387780MAJ, an unpublished opinion, and claims "the court was presented with a change to the statutory scheme during the charging period and concluded that the 'milder' of the two schemes must apply." Suppl. to PRP at 6. But Zanassi's statement is a mischaracterization of the decision in *England*. In *England*, one of the charging periods ended *before* the relevant statute came in to effect and, therefore, the relevant statute could not apply. Slip op. at 5. And for the second count, which included a period in which the relevant statute could apply, the court noted there was no intrinsic or extrinsic evidence establishing England committed the crime after the relevant statute came into effect. *Id.* at 19.

did not go into effect until part way through the charging period, is instructive. 141 Wn.2d at 580-81, 585. Our Supreme Court explained:

> Crabtree entered a guilty plea and in doing so admitted he committed the offenses between June 1, 1988 and August 31, 1988. Moreover, there is evidence outside the guilty plea, showing that Crabtree did commit the offenses during the statutory period. There was neither an ex post facto violation nor a due process violation because Crabtree was not convicted for crimes occurring before the statutory period. The charging period did include one month, out of three, before the effective date of the statute; however, Crabtree was not prejudiced by this because he was *not* convicted of an offense that *may have* occurred during the month before the statute came into effect. Crabtree's due process rights would have been violated if the offenses for which community placement was imposed had occurred before July 1, 1988. However, in Crabtree's guilty plea statement he admitted he committed rape of a child and child molestation between June 1, 1988 and August 31, 1988. This constituted an admission of criminal acts between July 1 and August 31. Crabtree was convicted and sentenced for crimes he admitted occurred after the effective date of the statute.

*Crabtree*, 141 Wn.2d at 585. Consistent with this reasoning, Zanassi has not shown that he was convicted of first degree child molestation based on offenses that occurred when he was 17 years old and before the statute authorized an indeterminate sentence.[4]

Ultimately, as to his conviction for first degree child molestation, Zanassi has failed to meet his burden to show that his judgment and sentence is facially invalid. Zanassi has shown only that it is *possible* the superior court imposed a sentence that exceeded its statutory authority; he has failed to show that the superior court has actually imposed a sentence that it did not have the authority to impose. Accordingly, Zanassi's claim regarding his sentence for first degree child molestation is time barred.

---

[4] Furthermore, Crabtree's petition was filed outside of the one year time limit of RCW 10.73.090 and our Supreme Court stated that "[h]is convictions are facially valid." *Crabtree*, 141 Wn.2d at 581-82.

No. 57158-7-II

C.    FACIAL INVALIDITY OF SENTENCE ON FIRST DEGREE RAPE OF CHILD CONVICTION

As to Zanassi's conviction for first degree rape of child, Zanassi can show that his judgment and sentence is facially invalid. Although the judgment and sentence itself shows that the offense occurred during the entire charging period, Zanassi's statement of defendant on plea of guilty specifically admits that the offense occurred on January 1, 2017, when Zanassi was 17 years old. Because the admitted facts establish that Zanassi was 17 years old at the time he committed first degree rape of a child, the superior court was not authorized to impose an indeterminate sentence on the first degree rape of a child conviction. Accordingly, Zanassi's judgment and sentence is facially invalid as to the sentence for first degree rape of a child.

However, to be entitled to relief in a personal restraint petition, Zanassi must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *Swagerty*, 186 Wn.2d at 807. Here, Zanassi has established that his sentence was imposed contrary to the exception to indeterminate sentencing in RCW 9.94A.507(2)—a nonconstitutional error.[5] Therefore, Zanassi must show that his sentence on the first degree rape of a child conviction is a fundamental defect resulting in a complete miscarriage of justice.

---

[5] In Zanassi's supplemental reply brief, Zanassi argues that his sentence is unconstitutional because the Sixth Amendment principles articulated in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *Apprendi v. New Jersey*, 530 U.S 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), required the State to prove his age in order to increase his sentence from a determinate sentence to an indeterminate sentence. Although the facial invalidity of Zanassi's judgment and sentence was put at issue in Zanassi's initial brief, the specific argument that Zanassi's sentence was unconstitutional under *Blakely* and *Apprendi* was not raised until Zanassi's supplemental reply brief and, therefore, we do not consider it. *See Cowiche Canyon Conservancy*, 118 Wn.2d at 809. Further, Zanassi only argues whether his sentence was a fundamental defect, not under the constitutional error standard of actual and substantial prejudice.

Zanassi argues that his sentence was fundamentally defective because the superior court imposed an indeterminate sentence when it did not have the authority to do so. While Zanassi is correct that his sentence was fundamentally defective because the superior court did not have the authority to impose an indeterminate sentence, Zanassi fails to show that the defect *resulted in a complete miscarriage of justice*. As discussed above, Zanassi remains subject to an indeterminate sentence for the child molestation conviction because Zanassi's challenge to that sentence is time barred. Accordingly, the fact that the trial court erroneously imposed an indeterminate sentence on the first degree rape of a child conviction does not result in a complete miscarriage of justice because Zanassi will continue to be subject to an indeterminate sentence with a maximum term of life as a result of the sentence for the first degree child molestation conviction.[6]

We note that Zanassi was sentenced to a minimum term of 120 months' confinement on the first degree rape of a child conviction and a minimum term of 67 months' confinement on the first degree child molestation conviction. Zanassi does not argue that, if he is resentenced on the first degree rape of child conviction, he would receive a shorter minimum term sentence. The 120 months' confinement was the low end of the standard sentencing range and, by the express terms of the plea agreement, Zanassi agreed to not seek an exceptional sentence below the standard sentencing range.[7] Therefore, Zanassi has failed to show that it is likely he would receive a lower

---

[6] Even if the constitutional standard is applied, Zanassi cannot show, and has not shown, actual and substantial prejudice for same reasons articulated above, let alone a *complete* miscarriage of justice.

[7] Presumably, any attempt by Zanassi to argue for a sentence below the 120 months minimum on the first degree rape of a child conviction would prompt the State to allege that Zanassi is breaching the plea agreement.

minimum term if he is resentenced. Thus, Zanassi cannot show that his sentence on the first degree rape of child conviction results in a complete miscarriage of justice. *See In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 599, 520 P.3d 939 (2022) (holding a petitioner establishes prejudice resulting from a sentencing error by showing by a preponderance of the evidence that his sentence would have been shorter if the sentencing judge had complied with *Houston-Sconiers*).[8]

Because Zanassi will continue to be subject to an indeterminate sentence with a maximum term of life as a result of the sentence for the first degree child molestation conviction and Zanassi cannot show that he would receive a shorter minimum term if he is resentenced on the first degree rape of a child conviction, Zanassi cannot show that his sentence on the first degree rape of a child conviction results in a complete miscarriage of justice.[9] Therefore, Zanassi is not entitled to relief on his sentence for the first degree rape of child conviction.

CONCLUSION

We dismiss Zanassi's PRP with regard to the sentence on the first degree child molestation conviction, and we deny the PRP with regard to the sentence on the first degree rape of a child conviction.

---

[8] We note that the dissent asserts that the presence of the life sentence on Zanassi's first degree rape of child conviction will affect his "potential releasibility" by the Indeterminate Sentence Review Board on the first degree child molestation sentence, as well as the conditions of community custody. The dissent's assertion is without any support in the record and is merely speculation.

[9] Contrary to the dissent's assumption, this analysis rests entirely on the finality of the child molestation conviction, and we make no decision on the ability of Zanassi to challenge the validity of his judgment and sentence with regard to the first degree rape of a child conviction if the child molestation conviction or sentence is reversed in the future.

No. 57158-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

I concur:

Che, J.

CRUSER, C.J. (dissenting in part)—I respectfully dissent from the majority's holding denying the portion of Zane E. Zanassi's personal restraint petition (PRP) related to his sentence for first degree rape of a child.

The majority correctly holds that Zanassi has shown his judgment and sentence is facially invalid as it relates to his sentence for first degree rape of a child. I part company with the majority's holding that Zanassi has not demonstrated that he is entitled to resentencing on this conviction.

I agree with the majority's recitation of the standard for relief in this PRP: Zanassi must demonstrate that his sentence resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990). Zanassi was sentenced to an indeterminate life sentence with a minimum term of 120 months in custody. If Zanassi is released, the term of his community custody is life. This sentence is in excess of the trial court's authority and is incorrect as a matter of law, as the majority acknowledges.

Pursuant to *In re Personal Restraint of Goodwin*, a sentence that is in excess of the trial court's authority to impose is a fundamental defect resulting in a complete miscarriage of justice. 146 Wn.2d 861, 876-77, 50 P.3d 618 (2002). Additionally, "if petitioner's sentence is not

authorized by statute, failure to correct the defect could result in a denial of [a] petitioner's due process rights." *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 33, 803 P.2d 300 (1991).[10]

The majority concludes that because Zanassi's unlawful sentence for first degree rape of child (the fundamental defect) is running alongside his lawful sentence for first degree child molestation, the miscarriage of justice in this case is cured. This is so, the majority contends, because if Zanassi is already serving an indeterminate sentence of life (with lifetime community custody) on his conviction for first degree child molestation, where is the harm in serving another indeterminate life sentence? The majority cites no apposite authority for this extraordinary holding.

It is likely, if not probable, that the presence of a life sentence on Zanassi's first degree rape of a child conviction will affect not only potential releasability decisions by the Indeterminate Sentence Review Board on the first degree child molestation sentence but also the conditions of community custody. Moreover, given Zanassi's comparatively young age at the time of his crimes, I am not prepared to conclude that Zanassi's first degree child molestation will, in no event, ever be reversed or vacated.

Although I am sympathetic to the strain a resentencing hearing can have on the victims of crime, as well as the expenditure of court resources involved in a resentencing, that is no answer

---

[10] Justice Gordon McCloud explained this well-settled principle in her concurring opinion in *In re Personal Restraint of Yates*:

> A claim that the sentence actually imposed was outside the court's power is separately cognizable in a PRP and warrants relief. In fact, this court did a voluminous analysis of this issue about a decade ago in [*Goodwin*]. The *Goodwin* court unanimously concluded that an erroneous sentence imposed without statutory authorization can be challenged via a PRP, even outside the one-year time limit, and that the prisoner proving such a claim is entitled to relief.

180 Wn.2d 33, 50, 321 P.3d 1195 (2014) (McCloud, J., concurring).

No. 57158-7-II

to this problem. Zanassi's sentence, as the majority correctly holds, is unlawful and the trial court had no authority to impose it. It must be corrected. For this reason, I respectfully dissent from the portion of the majority opinion rejecting Zanassi's challenge to his sentence for first degree rape of a child.

_Cruser, C.J._
CRUSER, C.J.